THE STATE v. HATCHER, *Appellant.*

Division Two, January 19, 1897.

1. **Criminal Law**: PRACTICE: PROSECUTION FOR LOWER GRADE OF OFFENSE.  A prosecuting attorney may, after an indictment has been found for an offense, elect to prosecute for a lower grade of the offense charged, which is necessarily included within it.

2. ———: ———: INFORMATION CHARGING LOWER OFFENSE.  The prosecuting attorney may in the first instance file an information charging a person guilty of a less offense than that with which he should have been charged.

VOL. 136 mo—41

136   641
f152 113
d152 114
136    641
168   ᵇ417

3. ——: ——: FORMER CONVICTION: INDICTMENT. A person con-
victed of a less offense can not again be put upon trial for a greater
offense, where the same facts are required to establish it as in the
former case. And this is true whether the prosecution be upon
indictment or information, the word "indictment," in this sense being
a generic term, embracing an "information."

4. ——: ——: ——. A conviction of a common assault, on infor-
mation by the prosecuting attorney charging that offense only, and
payment of the fine, is a bar to a prosecution on indictment for
felonious assault based on the same facts.

5. ——: ——: ——: JURY TRIAL. Where a defendant on trial upon
an indictment for felonious assault pleads a former conviction of a
common assault upon the same facts, such plea raises an issue of fact
upon which he is entitled to a jury trial.

*Appeal from Jasper Circuit Court.*—HON. E. C. CROW,
Judge.

REVERSED.

*Thos. F. T. Whitney* and *Frank L. Forlow* for
appellant.

(1) The question of plea in bar as to whether
defendant had once been tried for the same offense was
a question of fact and properly triable by jury. *Briggs
v. Railroad*, 111 Mo. 168; Const. of 1875, art. 2, sec.
28. (2) Under the second error as complained of it
is not denied that the charge against the defendant on
which he was convicted and sentenced to two years in
the penitentiary was the same act for which he was
tried before a justice of the peace, and on which the
prosecuting attorney filed his information and defend-
ant was fined, and paid the penalty. Defendant can
not twice be put in jeopardy for the same offense.
Const., art. 2, sec. 23; Kelley's Crim. Law, sec. 214;
*State v. Martin*, 76 Mo. 337; R. S. 1889, sec. 3948. If
the defendant on an erroneous judgment submits
thereto he can not again be punished. *State v. Snider*,
98 Mo. 555, and cases cited. The state is allowed to

carve but once; this was done in case tried before justice of the peace. Bestrop, Crim. Law [3 Ed.], 1065.

*R. F. Walker*, attorney general, for the state.

The only question presenting itself for consideration by this court is the plea in bar, which was properly made, sufficiently proved and preserved and constituted a complete defense to the prosecution under the indictment. Secs. 3950 and 3951, R. S. 1889; *State v. Grimes*, 29 Mo. App. 470; *State v. Freeman*, 56 Mo. App. 579; *State v. Clark*, 68 Mo. 591. The judgment should therefore be reversed.

SHERWOOD, J. — The controlling question this record presents is whether a party who being plainly guilty of a felonious assault, by cutting and wounding another with a knife, but prosecuted by the prosecuting attorney before a justice of the peace on an information charging only a *common assault*, and convicted thereof, can afterward be put upon trial on an indictment charging him with a felonious assault and again convicted.

There is no doubt that a prosecuting attorney after an indictment has been found for an offense, may elect to prosecute for a lower grade of the same offense, necessarily included within the same offense. There is no *statute* on this subject, but the power is inherent in the state's officer thus to *nolle* any portion of an indictment. *State v. Moxley*, 115 Mo. loc. cit. 651, and cases cited.

Under the like reasoning, the prosecuting attorney may, in the first instance, file an information charging a person guilty of a less offense than that for which he should have been charged.

Section 23 of article 2 of our constitution has been cited as applying to this case, but it does not, as that

section only applies, so far as concerns the point in hand, to cases where "a person after being *acquitted* by a jury," etc., the convention of 1875 not deeming it necessary to make provision for cases where *conviction* should occur.

Our legislature, however, more thoughtful, has made distinct provision for cases where either conviction or acquittal occurs on an indictment and the word indictment as there used may well be regarded as a generic term embracing an *information*.

But in any event, no court of justice should tolerate the idea that a person convicted of a less offense should again be put upon trial for a greater offense in which is included the same facts as in the former case. This is always the case unless collusion be shown.

In this view of the matter, it becomes unnecessary to discuss various errors assigned for a reversal of the judgment, but it may be mentioned in passing that a trial by jury should have occurred on the plea of former conviction interposed by defendant. *State v. Huffman, ante*, p. 58.

Inasmuch as defendant had been convicted of a common assault, and had paid his fine ($2.50), he could not be indicted and tried for a higher degree of the same offense. We therefore reverse the judgment and discharge the defendant. All concur.