# TERRITORY OF HAWAII *v.* FREDERICK SCHILLING.

## Error to Circuit Court, Fifth Circuit.

### Argued November 13, 1905.          Decided January 3, 1906.

### Frear, C.J., Hartwell and Wilder, JJ.

Assault with intent to commit rape—*plea of former conviction—fifth amendment—twice in jeopardy.*

Defendant pleaded former conviction before a district magistrate for assault and battery being the same assault charged in the indictment; also that he was informed and believed that the evidence at the trial before the magistrate showed an offense which in law amounted to a felony, for which, by section 2864, R. L., he could not afterwards be tried. Held: the offense for which the defendant was formerly tried and that for which he is indicted are within the statute (Sec. 2734, R. L.) providing that where the same act constitutes two or more "diverse and distinct offenses different in their nature and character, one not being merged in the other, the offender may be proceeded against for each and cannot plead a conviction of one in bar of proceedings against him for the other;" also that inasmuch as a verdict could not be given for an assault at the trial on the indictment the defendant was not placed twice in jeopardy for one and the same offense.

Held: that the statute (Sec. 2864, R. L.) contemplates a jury trial of a misdemeanor, and is not applicable to the defendant's case.

Id.—*remarks and comments of the court upon evidence reflecting upon course of defendant's attorney and restricting cross-examination upon nonessential matters.*

In respect of certain admonitions given by the court to the attorney for bringing up matters ruled out and certain remarks made by the court in explanation of its rulings excluding evidence, held: no error; also, that a certain comment of the court concerning the evidence probably comes within the statute (Sec. 1798,

R. L.) prohibiting a judge from commenting upon evidence, but that the comment, although perhaps open to criticism, is not likely to have affected the result and does not require a reversal of the judgment; whether, if this were not so, the statute is constitutional, quaere.

ID.—*evidence of complaint by prosecutrix accompanied by details of conversation between her and the person to whom she complained; held, admissible.*

ID.—*instructions refused and given.*

In view of the instructions given the court properly refused instructions requiring the jury to find that the defendant intended to accomplish his purpose by such force as to overcome by violence or fear any force the prosecuting witness might have been capable of offering; or that if he assaulted her with design to accomplish his purpose, only if he could get her consent, the act would only amount to an assault or an assault and battery; and that it was the duty of jurors not convinced of the defendant's guilt to refuse to join in a verdict of conviction. The court properly instructed the jury on the subject of intent in accordance with the law as laid down in *Lo Toon v. Territory*, 16 Haw. 353; and *Territory v. Wright*, Ib. 137, and properly presented the case in other respects to the jury.

## OPINION OF THE COURT BY HARTWELL, J.

### (Frear, C.J., dissenting.)

The defendant was tried, convicted and sentenced upon an indictment charging an assault with intent to commit the crime of rape. He pleaded a former-trial and conviction by the magistrate of the district of Lihue of the offense of assault and battery and that the same assault was charged in the indictment. In a supplemental plea he also pleaded that he was advised that the facts shown at the trial of the assault and battery amounted in law to a felony and therefore that he could not afterwards be prosecuted for the felony under the statute, which provides as follows:

"If upon the trial of any person for any misdemeanor it shall appear that the facts given in evidence amount in law to a felony, such person shall not by reason thereof be entitled to

be acquitted of such misdemeanor, and no person tried for such misdemeanor shall be liable to be afterwards prosecuted for felony on the same facts, unless the court before which said trial may be had shall think fit in its discretion to discharge the jury from giving any verdict upon such trial, and to direct such person to be proceeded against for felony, in which case such person shall be dealt with in all respects as if he had not been put upon his trial for such misdemeanor." R. L. Sec 2864.

The pleas were overruled, the court declining to hear evidence in verification of the plea of former conviction. The defendant excepted to the rulings and assigns them as error.

The statute on which the supplemental plea is based applies to a jury trial and does not authorize a magistrate to acquit of a misdemeanor upon finding that a felony is shown by the evidence and commit the defendant for trial for the felony. The court, in overruling the plea, must be deemed to have taken its averments as true. The question is therefore presented whether the plea was good.

The statute upon which the plea is based is as follows:

"No person shall be required to answer again for an offense, for which he has once been duly convicted, or of which he has been duly acquitted upon a good and sufficient indictment." R. L., Sec. 2731.

"Any person who has been tried and convicted of any offense before a court, tribunal or magistrate having jurisdiction of the case; shall not be subject to subsequent criminal prosecution therefor, and such conviction may be pleaded in bar of any such subsequent prosecution." Ib. Sec. 2732.

The statute further provides:

"Where the same act constitutes two or more diverse and distinct offenses, different in their nature and character, one not being merged in the other, the offender may be proceeded against for each, and cannot plead a conviction or acquittal for one, in bar of proceedings against him for the other." R. L., Sec. 2734.

Although the plea is styled a plea of *autrefois convict,* based upon the statute, it must also be considered as equivalent to a plea under the 5th amendment, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or

limb" which includes jeopardy of fine or imprisonment as well.

The two offenses of assault and battery and assault with intent to ravish are "diverse and distinct, different in their nature and character, one not being merged in the other" so that if "the same act constitutes" them "the offender may be prosecuted for each and cannot plead a conviction or acquittal for one, in bar of proceedings against him for the other" unless the statute conflicts with the twice in jeopardy clause of the 5th amendment. All of the evidence required to prove the higher offense would not be admissible in proof of the lower, while the evidence required to prove the lower offense would not prove the higher; nor at the trial of the higher offense could a verdict for a simple assault have been given under the statute. At common law the court could not direct a verdict for a misdemeanor in the trial of a felony unless "the indictment sets out the facts of an offense and charges them to have been done feloniously while in law they constitute only a misdemeanor." 1 Bishop, N. Crim. Law, Sec. 810. It is enacted in 7 W. 4, and 1 Vic. c. 85, s. 11:

"That on the trial of any person for any of the offences thereinbefore mentioned, *or for any felony whatever, where the crime charged shall include an assault against the person,* it shall be lawful for the jury to acquit of the felony, and to find a verdict of guilty of assault against the person indicted, if the evidence shall warrant such finding; and when such verdict shall be found, the court shall have power to imprison the person so found guilty of an assault for any term not exceeding three years." Lonsdale, Stat. Crim. Law of England, 30.

"But this is now repealed by the Stat. 14 and 15 Vict., c. 100, §10, and the more general provision introduced, allowing the jury, upon all indictments for felony or misdemeanor, to acquit of the offence, and find the party guilty of an attempt to commit it." 2 Archbold, Crim. Pr. & Pl., 68.

Our statute does not authorize a verdict of an assault in a trial for an assault with intent to ravish, although, in many instances, provision is made for conviction of a less offense than is charged.

Thus in charges of assault or assault and battery or mayhem,

or with intent to murder, maim or disfigure, or with a danger-
ous weapon with intent to commit burglary, robbery, man-
slaughter or murder or other crime of such character, or of an
assault by one not armed with a dangerous weapon with force
and violence with intent to commit burglary, robbery or theft,
or with a knife, sword-cane, or any other weapon obviously and
imminently dangerous to life, or on any public officer with
intent to resist, hinder or obstruct him in the discharge or exe-
cution of his duty, or of offering violence to the person of a
public minister, or inflicting slight corporal injury upon another,
the defendant "may be found guilty of any offense necessarily
included in that with which he is charged, as the facts proved
may warrant." R. L., Sec. 2918. A verdict may be given for
assault and battery or for manslaughter on an indictment for
murder or manslaughter. Ib. Sec. 2865. On an indictment for
robbery, larceny or any offense of more than one degree, a ver-
dict may be given for any lesser degree of the same offense.
Ib., Sec. 2866. Upon trial for robbery the jury may find an
assault with intent to rob. Ib., Sec. 2867. A trial for embez-
zlement permits a verdict of larceny, and conversely, in a trial
for larceny, embezzlement may be found. Ib., Sec. 2868. If
upon a trial for obtaining property by false pretenses it is proved
that the property was obtained in such a manner as to amount
in law to a larceny, the defendant is not therefore entitled to
be acquitted and shall not afterwards be liable to a prosecution
for the larceny. Ib., Sec. 2869. A person tried for the offense
of rape or sodomy may be convicted of an assault with intent
to commit the same. Ib., Sec. 2873. Section 3082, Ib., pro-
vides a penalty for the offense of riot or unlawful assembly
having for its object the destruction or injury of any house or
other structure, section 3083, Ib., for a higher penalty if the
riot or unlawful assembly endangers life, limb, health or lib-
erty, but one who is indicted under this section may, by section
2876 Ib., be convicted of the offense charged in the previous
section. "Where any offense attempted is committed by the
party making such attempt, the attempt is merged in the

offense." Ib., Sec. 2718. But for the crime of rape there are no degrees and in a trial for rape a verdict can be given for no lesser offense than an assault with intent to commit rape.

Upon the ground then that at the trial on this indictment the defendant could not have been convicted either of the assault and battery for which he had already been convicted or of the assault which was a component part of that offense the indictment did not place him in jeopardy of a second conviction of the former offense or of the separate assault included therein.

There are decisions that a prosecution for simple assault is a bar to a prosecution for assault and battery or for an aggravated assault upon the same state of facts on the ground that the assault is a necessary ingredient of the other offense and that proof of the facts necessarily alleged in either case would warrant a conviction of the other. *People v. McDaniels,* 137 Cal. 192; *State v. Hatcher,* 136 Mo. 641. In such jurisdictions it appears to be held that the defendant is put in jeopardy twice if prosecuted for a greater offense after having been convicted or acquitted of the lesser offense included in the greater. Thus it is held in Alabama that "if defendant had been convicted for the assault and battery it would not for a moment be contended that he could again be tried and punished for the assault with intent to ravish." *State v. Blevins,* 32 So. 637. In *People v. McDaniels,* supra, it was held that the defendant could not be tried for assault with intent to commit murder after having been convicted and punished for the same acts charged as the offense of battery, the court after remarking that all such offenses as battery, mayhem, rape and robbery, as well as assaults with intent, necessarily include an assault, and that it is generally conceded that a conviction of the higher offense is a conviction of the assault included in it, says: "And it would seem to follow logically as well as by construction that a conviction or acquittal of any of the included offenses must bar a prosecution of the higher, since the higher cannot afterwards be prosecuted without opening the door for a second conviction of an offense for which the defendant had before been tried and acquit-

ted." The court further correctly observed: "There are numerous decisions in other jurisdictions inconsistent and even contradictory to those, and prior decisions of this court, hereinbefore cited may be admitted," citing *Morey v. Com.*, 108 Mass. 433, which held that the defendant could lawfully be tried for adultery after having been convicted of lewd and lascivious cohabitation with the same woman on the ground that the evidence to support a conviction in the former case could not have warranted a conviction in the other, the court saying: "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' So *Com. v. Roby*, 12 Pick. 496, held that a conviction of an assault with intent to murder was no bar to an indictment for murder, the court, in the *Morey* case, remarking that the *Roby* case was decided "before our statutes permitted a conviction of such an assault upon an indictment for murder."

As far as we have been able to ascertain decisions of state courts which hold that after a trial for a simple assault there cannot be a trial of a higher offense which includes the assault are based either on a statute or else, as we infer, upon the adoption as common law of the statute of 7 W. 4, above mentioned, which permits a conviction for the assault in the trial of the higher offense. Bishop, supra, Sec. 780, says: "Where the common law rule that there can be no conviction for misdemeanor on an indictment for felony does not prevail, a person on trial for any higher one of these offenses may be convicted of any lower one which the proofs establish, if the indictment is, as it always may be made, in a form to include the lower." The author further says: "The doctrine of this paragraph is very elementary, and the authorities to it are not discordant." Ib. n. 1; and yet examination of the cases cited in the note show that they are based on express statutes. Citing further from this author,—"By the general and better doctrine, a conviction

or acquittal of a common assault will bar proceedings for an assault with intent to do great bodily harm, and other assaults aggravated in like manner." Ib., Sec. 1058. *State v. Smith,* 43 Vt. 326, is cited in support of this statement (Ib. n. 4) in which the court say: "There is considerable conflict in the authorities upon this subject, but we think the rule is now well established that when one offense is a necessary element in and constitutes an essential part of another offense *and both are in fact but one transaction,* a conviction or acquittal of one is a bar to the prosecution for the other." The note, however, thus proceeds,—"Contra, when the offense as proceeded against is the less," citing Iowa, Texas and New York cases.

In strictness both of the offenses under discussion in the present case are not "in fact but one transaction," but we prefer to base our opinion mainly upon the fact that the two offenses are not the same in law or in fact. It is said that cases in which death occurs after the murderous assault are an exception to the rule forbidding a second trial for the same offense; that murder is not committed until the assaulted person dies, so that one who is tried for the assault during the life of the injured person is not, when indicted for murder after the assaulted person dies, tried twice for the same crime for the death "is not merely a supervening aggravation, but it creates a new crime." Ib. Sec. 1059, n. 1, citing a Scotch case. But the 5th amendment makes no exception of offenses created by operation of law as a result of the commission of other offenses.

*People v. Sanders,* 4 Park. Cr. Cas. 196, further illustrates the effect upon a plea of former conviction of the absence of authority to convict for the lower offense, giving as a reason why a conviction for assault and battery did not bar an indictment for rape,—"the defendant cannot upon this indictment be tried or convicted of assault and battery."

Bishop recognizes this view by including in his classification, "When, in Reason, Offences Same," cases in which "the two indictments set out like offences and relate to one transaction, yet if one contains more of criminal charge than the other, but

upon it there could be a conviction for what is embraced in the other, the offences, though of differing names, are, within our constitutional guaranty, the same." Ib., Sec. 1051. In respect however of an "Act constituting one offence and part of another," (which is precisely the case before us) that author does not agree with cases like *Com. v. Morey,* supra, *Com. v. Bakeman,* 105 Mass. 55, *Com. v. Shea,* 14 Gray 386, *Com. v. McConnell,* 11 Ib. 204, saying of them, "Some courts maintain that in the words of Gray, J.: 'A single act may be an offence against two statutes; and if each statute requires proof of an additional fact, which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'" Ib., Sec. 1062, n. 2. "By all the authorities this would not be so if the conviction was for the larger crime. And on the better reason and better authorities it would not be so if the conviction was for the smaller." Ib. We do not accept this last statement as law.

In *Com. v. Roby,* supra, in which the defendant had been convicted of a murderous assault before the death of the person assaulted, Shaw, C. J., in overruling the plea of former conviction, said: "In considering the identity of the offence, it must appear by the plea, that the offence charged in both cases was the same *in law* and *in fact.* The plea will be vicious, if the offence charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact." This case has received the sanction of the supreme courts of many of the states and we are not prepared to adopt a contrary doctrine to that which it expresses.

But it is said that a contrary doctrine is adopted by the court in re *Nielsen,* 131 U. S. 187, although the case cites with approval *Com. v. Morey,* supra, which is precisely like *Com. v. McShane,* 110 Mass. 502, in which the court said: "Keeping a tenement for the illegal sale of intoxicating liquors and thereby making the tenement a nuisance is a different offense from keeping such liquors for sale contrary to law, and the conviction of the offense last mentioned may take place, and

the proof of the same keeping may furnish proof of the nuisance."

The *Nielsen* case, supra, held that the defendant, having been convicted of the offense of unlawful cohabitation within certain dates, could not afterwards be tried for the offense of adultery with the same woman committed at any time during the unlawful cohabitation for which he had been convicted because "where, as in this case, a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for some of those incidents without being twice put in jeopardy for the same offence." Ib. 188. The court construed the statute against polygamy, under which the defendant had been convicted, "as requiring, in order to obtain a conviction under it, that the parties should live together as husband and wives." Ib. 189.

In *Com. v. Morey,* the first offense was brought under a statute expressly limited to the case of a "man and woman not being married to each other," Sec. 6, Ch. 207, Pub. St. Mass.; whereas in the *Nielsen* case the statute contained no such limitation, and in the opinion of the court included the offense of adultery as one of the incidents included in the statutory offense of "cohabiting with more than one woman." In this view Nielsen could have been convicted of adultery at his first trial under Sec. 1035, U. S. Rev. Stat. "In all criminal cases the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment." The court, in Nielsen's case, remarked of certain cases cited in Wharton's Crim. Law, Sec. 560, to sustain the doctrine that "a conviction or an acquittal of a greater crime is a bar to a subsequent prosecution for a lesser one," that, "all these instances are supposed cases of acquittal; and in order that an acquittal may be a bar to a subsequent indictment for the lesser crime, it would seem to be essential that a conviction of such crime might have been had under the indictment for the greater." Ib. 189.

We regard the Nielsen case as sustaining our view of the

present case, and we do not infer that, while adopting the law in *Com. v. Morey,* it intended to repudiate the rule laid down in the principal case by Chief Justice Shaw.

We repeat that the rule that a conviction of the first offense bars a second charge, if the evidence to prove the latter would prove the first charge, implies that the evidence in the second case was admissible in the first. "If the evidence which is necessary to support the second indictment was admissible under the former, related to the same crime and was sufficient, if believed by the jury, to have warranted a conviction of that crime, the offenses are identical. 12 Cyc. L. & Proc. 280. By this rule the plea is bad, since in order to prove the assault and battery evidence of its felonious intent is irrelevant.

If the legislature should enact that a verdict for a felonious assault may be given upon an indictment for a felony then a trial and conviction or acquittal for the minor offense would bar an indictment for the other. If it be said that the constitutional safeguard against being twice in jeopardy ought not to depend upon the will of the legislature the answer is that it is mainly in respect of the offenses of abortion, seduction and assault with intent to ravish that such laws are not already made. In these exceptional cases a defendant is guilty of the whole offense including every act, whether a separate misdemanor or .not, going to constitute it, or he is innocent of the compound offense, although he may be guilty of some criminal acts involved in it. The legislature may well have thought that a conviction for simple assault ought not to negative criminal liability for the larger offenses of such enormity. If a defendant is acquitted of assault he cannot be tried for the felonious assault, not on the ground of being twice in jeopardy, but of estoppel by judgment precluding the state from again asserting against him the fact so° adjudicated. Thus, "although a prosecution for rape is not barred by conviction for assault and battery," (*People v. Saunders,* supra; *Reg. v. Gisson,* 2 C. & K. 781, (61 E. C. L. 781),an acquittal of the assault and battery would bar the subsequent indictment; *People v. Purcell,* 16

N. Y. Suppl. 199 (12 Cyc. 288). "In other words, while a former acquittal of a minor offense is no bar, *per se,* to an indictment for the greater, yet where in the first trial, a point material to the support of the second, was fairly submitted to the jury, and a verdict found for the defendant, the prosecution is estopped thereby. But where on the first trial there was a *conviction,* this forms no impediment to a subsequent prosecution for the major offense, and to the imposition of such *additional* punishment as may be proper to complete the sentence on the double crime." Wharton, Am. Cr. L. 200. Of course it would be impossible for a defendant who did not commit the assault to commit it with felonious intent.

It was once claimed that at common law a defendant, charged with a misdemeanor, must be acquitted if the facts showed a felony and then, when held for the felony, could plead former acquittal, so that he could be convicted of neither offense because guilty of both. *Reg. v. Button,* 11 Ad. & El., N. S. 927, disposed of this claim. "A misdemeanor which is part of a felony may be prosecuted as a misdemeanor though the felony has been completed. * * * It was further urged, for the defendants that, unless this defence was sustained, they might be twice punished for the same offence; but this is not so, the two offences being different in the eye of the law."

Upon full consideration it appears to us that the plea of former conviction was correctly overruled. In the view we have taken it is unnecessary to say whether or not the defendant's first case was for an indictable offense not triable by the magistrate. If it was not triable by him the plea would be bad for that reason, if no other.

The next class of errors assigned are the following remarks and comments of the court, which the defendant claims prejudiced him before the jury. The prosecutrix, in answer to the question as to whom she met right after the alleged assault, testified,—

"Then when I was coming down, *walking down the road slowly,* I was not able to go very much further and when I was

about to sit down there and by chance I happened to look behind and saw one Japanese and he happened to be Tanaka, and when he saw me he asked me what was the matter with me, he said 'You don't look well'—

Mr. Crook. 'I object, if the court pleases, to a narrative of what he said or anything of that kind, the evidence is inadmissible.'

The Court: 'What was said on that occasion immediately after that assault is part of the *res gestae*. The witness has testified that *she started along the road,* that the defendant had left her, that she saw this man and he asked her what was the matter'—

Mr. Crook (interrupting). 'I except to the remarks of the court.'

The Court. 'I am merely giving her statement up to this point in order to show whether her statements at that point were a part of the *res gestae* or not.'

Mr. Crook. 'I note an exception to the remarks of the court as regards the evidence on the grounds that the evidence was not in those words that the evidence tended to show something that has not been brought out and tends to prejudice the rights of the defendant and to mislead the jury.'

The Court. 'The exception is overruled.'

Mr. Crook. 'I note an exception. I also take exception to the admission of the evidence—object to its going in as it has not been shown within what time—it has not been shown that it is a part of the *res gestae,* that it happened immediately'—

The Court (interrupting). 'You need not make an argument now, you have taken your exception.'

Mr. Crook. 'I want it to appear that I base my exception upon stated grounds and I want the grounds to go into the record.'

The Court: 'The matter has been overruled and that ends it.'

Mr. Crook. 'I except to the ruling of the court in not allowing me to state the grounds upon which my objection is made.'

The Court. 'You have stated them already. Do you want to embarrass the court, is that your object?'

Mr. Crook. 'I object to the statement of the court.'

A. Then he told me he was a luna.

Mr. Crook. 'I object to what he told her, the evidence of what third parties said has nothing to do with the rights of the defendant.' "

The court having refused to allow the defendant in cross-examining the witness to require her to say whether her evidence was the same which she gave against him at his trial for the misdemeanor other than to show that she made different statements in the court below, and having stated that the order of the court was that the defendant's attorney "must not bring any matter before the jury for the purpose of influencing them through a former trial" the attorney insisted upon arguing that he had a right to go fully into the evidence at the former trial, and was again informed by the court,—"You must not bring up that matter again," adding "Every time that you undertake to interfere with the proceedings of this court to disallow something that is irrelevant to the case I shall have to stop you. If you persist in it I shall have to proceed further." The defendant excepted to these remarks whereupon the court said: "Your exceptions may go a little too far when you push them to disobeying the direct order of the court." The attorney then said: "I further except to the remarks of the court last made and note an exception thereto that they are prejudicial to the defendant. I further object to the overruling of the question put to the witness and further do I object to the disallowing me of stating grounds upon which the objection is founded." The court then stated in substance that it had allowed the attorney to contradict any statement that the witness had made before the magistrate and to ask her whether she made that statement and if she said she did not that he might show the opposite, remarking: "but that is as far as you can go, but I cannot allow you to bring in persistently the fact that he has had a trial for assault as an inducement to the jury here to consider that the man is being unjustly tried—I cannot allow it," whereupon the following appears on the record:

" 'I object.' The Court. 'I cannot allow it.' Mr. Crook. 'I object to the construction that the court has put on it.'— The Court (interrupting). 'Let me say to you, Mr. Crook, that when the court makes an order it can enforce it and it will.' Mr. Crook. 'Exception duly noted.' The Court. 'You may

except once too often if you disobey the order of the court.'
Mr. Crook. 'Further exception.' "

The prosecutrix, having testified in her further cross-exami-
nation that after the assault going along the road she held on
to the wires of the fence, she could not say that she did so all
along, but where she could, but there were "some places where
the weeds were too high," also piles of dirt as high as her knee
and a little higher, was asked,—"Well how little higher than
the knee," whereupon the court said: "Is it usual for a woman
in that situation to take actual notice of how high the weeds
were as she went along?" The defendant's attorney then said:
"I except to the construction of the court." Court: "I am
simply giving her statement; not giving any construction."
Attorney: "I except as being prejudicial to the defendant in
this case, as drawing a presumption against him and laying
greater weight to the corroborating evidence." Court: "I have
a right to limit the cross-examination where I think it is in
justice, and the idea that a woman in (such a) situation could
have paid strict attention to the height of the weeds all the
way is not in my judgment to bring out the main points at all."
Attorney: "Exception on the same grounds."

Further in the cross-examination the same witness testified,
in reply to the question,—how far mauka of the railroad cross-
ing this transaction occurred, that: "there were eight telephone
posts between" and further, in reply to the question, "then it
was not as far as you testified on direct examination,": "I said
first that it was about to the flume over there in the field."
Then:

"Q. 'Then you corrected yourself and afterwards referred
to the second telephone post up the road?' The Court. 'Isn't
that a question of distance?' Mr. Crook (interrupting). 'I
except to the remarks of the court.' The Court. 'I am endeav-
oring to hold you to the essentials of the case. It is the busi-
ness of the court to have the merits of the case presented to the
jury, and not to fly off on distance and on grass and on this
and on that and the other. I claim the right to limit the cross-

examination to essentials rather than to nonessentials.' 'Exception.' ''

The claim of the defendant that the court in stating that the witness said she *started along the road,* instead of *walking down the road* gave in the presence of the jury a wrong construction of the witness' language which was prejudicial to the defendant, does not seem to us to have weight. The further remarks of the court to which the defendant excepted were well within the province of the court, whose duty it is "to confine counsel to the evidence and keep them within the boundaries of legitimate argument" as well as of proper cross-examination. 21 Encyc. Pl. & Pr. 996. It may be neglect of judicial duty to allow counsel to get before the jury the results of a former trial. 2 Ib. 734. New trials are sometimes granted for allowing counsel, after having been checked by the court, to proceed unduly in an improper line of argument before a jury. Ib. 750.

It appears to us that the defendant's attorney by his apparently intentionally offensive manner towards the court justly merited all the admonition which the court administered to him. We are inclined to think that the remark of the court that "the idea that a woman in her situation could have paid strict attention to the height of the weeds, is not in my judgment to bring out the main points at all," comes within the statute that "the judge presiding at any jury trial (hereafter in this chapter named the court), shall in no case comment upon the character, quality, strength, weakness or credibility of any evidence submitted, or upon the character, attitude appearance, motive or reliability of any witness sworn in a cause." Sec. 1798, R. L.

We do not think, however, that the remark of the court concerning this testimony, although perhaps open to criticism, is likely to have affected the result or requires a reversal of judgment. If the statute required, as we do not think that it does, a reversal of judgment for any comments whatsoever made by the court upon the evidence, then it would be requisite to consider whether the statute is constitutional in limiting the right

of a common law trial by jury. The U. S. Supreme Court has frequently held in reference to suits at common law under the 7th amendment, that trial by jury requires the superintendence of a judge empowered to instruct them on the law and to advise them on the facts." *Capital Traction Co. v. Hof.,* 174 U. S. 14. See also: *Nudd, et al., v. Burrows,* 91 Ib. 439; *Vicksburg &c. R. Co. v. Putnam,* 118 Ib. 553; *U. S. v. Reading R.,* 123 Ib. 114

The importance of the question whenever it shall require decision is obvious.

The defendant claims error in the court allowing the prosecutrix to testify as to whom she met directly after the assault and to repeating the conversation between herself and that person, citing many decisions in support of his contention that the practice is "to ask the witness if she made complaint and to receive in answer a simple 'yes' or 'no,' her evidence being merely corroborative of her testimony and not evidence of the fact upon which the jury can find the defendant guilty." This was the early doctrine. *Rex v. Clarke,* 2 Stark. N. P. Cas. 242.

In *Regina v. Walker,* 2 M. & R. 212, Parke, B., said: "For reasons which I never could understand, the usage has obtained that the prosecutrix's counsel should only inquire generally whether a complaint was made by the prosecutrix of the prisoner's conduct towards her."

In several jurisdictions, as in Connecticut and Ohio, for instance, the courts, while recognizing the early English rule, refused to adopt it. *State v. Kinney,* 44 Conn. 153, citing the English cases.

"In some jurisdictions it is held that only the fact of the complaint should be admissible in the first instance. In other jurisdictions it is held that not only the fact of the complaint should be admitted, but also the full details and particulars of the statement as made should be received in evidence." 1 Elliot, Evidence, Sec. 566.

The early doctrine is now discarded in England. *Regina v. Lillyman,* 11 L. R. Q. B. 167.

The fact that the complaint was seasonably made is not allowed to be shown because it is part of the *res gestae* but rather as an exception to the rule excluding hearsay evidence. There is no reason why, if the complaint itself is admitted, the entire conversation should not go in. We think it ought to be admitted and in this case was properly allowed.

We see no ground for reversing the judgment by reason of the restrictions placed by the court upon the cross-examination of the prosecutrix as to the locality of the alleged offense and its distance from a certain other place; nor by reason of the testimony allowed by the court in the redirect examination of the witness to the effect that "there were no people around there at the time when she first met the defendant;" that in "walking along the road" (she in her direct examination having said, "down the road") she "took the outside path" and that there "was a barbed wire fence only part of the way" and that she went "closer to B.'s house."

The defendant waived in oral argument assignments of error numbered 15, 16, 17, 28 and 29. The remaining errors assigned concern instructions refused and given.

Without reciting the elaborate phraseology of the instructions refused, it is sufficient to say that they amounted to instructions that the jury, in order to convict, "must be satisfied, beyond a reasonable doubt, from the evidence, that the defendant assaulted the prosecuting witness with the intent at the time to overcome any and all resistance which might be offered by her," and that if the jury had any reasonable doubt from the evidence whether the defendant "intended to accomplish his purpose by such force and to overcome by violence or fear any force such as the prosecuting witness might have been capable of offering to resist him," or "that if he assaulted her only with the design to accomplish his purpose if he could get her consent, * * * the act would only amount to an assault, or an assault and battery, and the jury should acquit." Another instruction was asked covering the same ground.

The further instruction asked by the defendant and refused by the court was to the effect that unless every juror believed the defendant guilty it was improper that a verdict of guilty be returned "though the majority should so believe and in such an event it is the duty of the juror or jurors not so convinced to refuse to join in a verdict of conviction."

We think these instructions were properly refused in view of the instructions which were given.

The question of proving the intent with which an act was done has received the consideration of this court in several cases.

"It is well settled, however, that the intent need not have been shown by direct proof. What is passing in the human mind is rarely to be proved by direct evidence. The law does not require impossibilities. * * * Nor need the intent be shown by direct and positive testimony, as it may be inferred from circumstances. *Com. v. People,* 116 Ill. 458. 'Specific proof of intent is not essential, but the intent may be proved by the evidence of the attending facts and circumstances.' " *Lo Toon v. Territory,* 16 Haw. 353.

The same view was expressed in *Territory v. Wright,* Ib. 137.

The following instructions upon the matter of intent, to which instructions the defendant excepted, were correctly given :

"The defendant in this case is charged with assault with intent to rape upon a Japanese woman Riki Nomura. If you find from the evidence, beyond a reasonable doubt, that the defendant did upon the day in question make an assault upon her with intent then and there against her will and consent and by force to have sexual intercourse with her, then your verdict should be guilty as charged."

"It is impossible for one to look into the mind of another to ascertain the intent that exists therein, so therefore, in arriving at the intent with which an act is committed, you must take into consideration all the facts and surrounding circumstances existing at the time of the commission of the alleged offense, and if you find from the evidence, beyond a reasonable doubt, taking into consideration all the facts and circumstances as shown by the evidence, that the defendant did, upon the day in question, make an assault upon the woman Riki Nomura,

with intent to have sexual intercourse with her, and that intent was against the will and consent of the woman then your verdict should be guilty as charged."

"I further instruct you, gentlemen of the jury, that if you find from the evidence, beyond reasonable doubt, that it was the intention of the defendant at the time he made the assault in question, if you find that he did make an assault, to have sexual intercourse with a woman by force and violence and that it was against the consent of the woman, and if you further find that the defendant subsequently abandoned his intention and did not consummate the offense still he would be guilty of the offense charged in the indictment, if you find from the evidence beyond a reasonable doubt, that he made the assault in question with intent to ravish her."

"I instruct you that if you find from the evidence beyond a reasonable doubt, that the defendant, at the time of the commission of the alleged assault, had an intent to have sexual intercourse with a woman, Riki Nomura, by force and against her will, the mere fact that he did not accomplish his purpose, if you find that he had such a purpose, would not release him of criminal responsibility."

The court in its charge read to the jury the statute concerning the alleged offense and instructed them that if they believed, beyond a reasonable doubt, that it was committed as alleged in the indictment they should convict, adding on the subject of the testimony of the complaining witness:

"Although a man cannot be convicted upon the uncorroborated testimony of the prosecutrix herself still the law allows evidence to be offered in support of her testimony, that she made complaint after the alleged assault, and if you find from the evidence in this case, beyond a reasonable doubt, that she did make complaint of the assault in question as soon thereafter as was practicable, then her complaints are in the nature of corroboration and are not hearsay testimony as the term is ordinarily meant," and

"Her testimony alone is not sufficient to convict without corroborating evidence and if you find that she complained of the assault as soon as she had opportunity that would tend to corroborate her evidence of the assault, and if you find that the assault was made as charged and that her miscarriage was in consequence of the assault, then such a result might also be con-

sidered as corroborative testimony for the prosecution. If you find from all the evidence that the alleged assault was begun by the defendant with the intent to forcibly ravish the prosecuting witness without her consent and against her will, but that in case he desisted and did not fully carry out his intention so to ravish, still under our statute, if he committed any act or violence toward her in execution of such intent to rape her, he should be convicted of the offense as charged. In judging of his intent you will take into consideration all the circumstances which in your minds have been proved by the evidence in the case beyond a reasonable doubt. On the other hand, if, upon the evidence you believe the defendant's testimony denying the alleged assault and that he accidentally ran his bicycle against her causing her to fall to the ground, that he raised her up apparently uninjured and she went on her way; that he neither assaulted her nor in any wise intended to assault her, as charged in the indictment,—if you find this to be true you should acquit.

"To sum up the charge in a few words,—if you believe, beyond a reasonable doubt, the testimony of Riki Nomura, and that it is corroborated by the complaint she made and by her miscarriage, you should convict, but if upon all the evidence you believe the testimony of the defendant, you should acquit.

"If you have a reasonable doubt of his guilt he must have the benefit of the doubt and be acquitted."

The case was properly presented by the court to the jury. It was unnecessary explicitly to charge them, as requsted by the defendant, concerning the duty of jurors not convinced of the defendant's guilt to refuse to join in a verdict of conviction.

We find no error in the record and therefore affirm the judgment of the circuit court. The case is remanded accordingly.

*M. F. Prosser, Deputy Attorney General,* for the Territory.

*A. H. Crook* for defendant.


## DISSENTING OPINION OF FREAR, C.J.

The principal question is whether a conviction of assault and battery is a bar to a subsequent prosecution for assault with

intent to commit rape, the transaction being the same in both cases. The provision of the federal Constitution that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb" and the decisions of the federal supreme court control, so far as they go. That court, as I construe its decision in the case of *Nielsen*, 131 U. S. 176, has adopted a principle which requires us to hold that the plea of former conviction should be sustained in the present case. If our statutes are not as broad as the Constitution in this respect, so much the worse for the statutes; if they are broader, so much the better for the defendant.

The *Nielsen* case, indeed, as will appear below, goes further than we are required to go in this case in order to sustain the plea. Moreover, the question is even simpler than as above stated. A reflection or two will show that it may be so simplified that to ask it is to answer it in the affirmative. For, since our statutes permit a verdict of assault alone as well as of assault and battery under a charge of the latter, there was, as everywhere held, jeopardy of the assault as well as of the combined assault and battery, whether there was a conviction or an acquittal, and therefore the element of battery may be eliminated; the same result follows in this particular case, irrespective of the statute, because the defendant was in fact convicted of the assault and battery, and, as also everywhere held, such conviction was a conviction of the assault as well as of the battery. Therefore, the question narrows to this at least, whether a conviction of assault alone bars a subsequent prosecution for the same assault with a particular intent. To go a step further, the object of the prosecution for the assault with the particular intent was to obtain a conviction, and since a conviction of an assault with a particular intent is a conviction of the assault as well as of the combined assault and intent, just as a conviction of assault and battery is a conviction of the assault as well as of the combined assault and battery, it follows that to allow the defendant to be convicted of the assault with intent to commit rape would be to allow him to be convicted a second time of

the identical offense of which he had already been convicted, namely, the assault pure and simple. This opinion might well end here but for the fact that a question of important constitutional right is involved and the intricacies of the law upon this subject are such as to require a fuller statement in order to meet what at first impression might seem plausible reasoning for an opposite conclusion.

It goes without saying that in order to be the "same offense" the offenses must be the same in both law and fact. It is obvious that such is the case here, for the assault in both the assault and battery and the assault with intent to commit rape is the same act in fact and the same offense in law. As said in *Bell v. State,* 103 Ga. 397 (30 S. E. 294), in which a conviction of assault and battery was held a bar to a prosecution for assault with intent to commit rape, "as a matter of law and of fact, assault is always a part of such crime" (assault with intent to commit rape). But, though this test seems clear enough in this particular case, where the offense (assault) has the same name in law as well as being the same act in fact in both prosecutions, it is after all a generality—a mere statement in different form of the constitutional provision—which does not always assist much, for the question still remains, what offenses are the same in law and fact. A number of rules have been adopted for the purpose of determining this.

What is said to be the rule most generally applied is that the facts set forth in the second indictment must be such as would if proved warrant a conviction under the first indictment. "The number of instances in which in almost every jurisdiction this test has been recognized or applied renders the citation of all these cases impossible, and but a few from each jurisdiction will, therefore, be given." Note to *People v. McDaniels,* 137 Cal. 192, in 92 Am. St. Reps. at page 105, citing a page of cases in support of this rule. This note of seventy pages contains the most careful as well as the most complete review of the law and the cases on this subject that has come to my notice. See also, to the same effect, 12 Cyc. 280, and 17 Am. & Eng.

Enc. of Law 597, each citing numerous cases. Under this rule also the present plea in bar is good because the facts alleged in the second indictment would warrant a conviction of the assault, if not the battery, under the first indictment or complaint. At page 598 of the authority last mentioned, the rule is stated in different language as follows, the parts in parentheses being mine: "The rule that the doctrine only applies where the two prosecutions are for the same crime must be taken with this qualification, that where one crime (assault) is included in and forms a necessary part of another (assault and battery) and is but a different degree of the same offense (assault and battery), and where on a prosecution for the higher crime (assault and battery) a conviction may be had (as under our statutes) for the lower (assault), then a conviction or acquittal for the higher (assault and battery) will bar a prosecution for the lower (assault) or for any crime (assault with intent to commit rape) of which the lower (assault) is an essential ingredient." Some cases, as, for example, the *Nielsen* case, go further and hold the same even when there could not be a conviction of the lower (assault) on a prosecution for the higher (assault and battery). This rule, however, though infallible as to all cases to which it applies, and applicable to most cases of this nature, is not applicable to all cases, for in some cases there may have been jeopardy for the same offense if the facts alleged in the first indictment are such as would if proved warrant a conviction under the second indictment, and under some circumstances even if the facts alleged in either indictment would not authorize a conviction under the other. This is generally recognized.

Another rule is that the offenses are the same if the transaction is the same. But this is not always a correct test, for the same transaction may constitute more than one offense in law. For instance, a sale of intoxicating liquor without a license to an intoxicated minor on Sunday might constitute the different offenses of selling without a license, selling to a minor,.

selling to an intoxicated person and violating the Sabbath. Such offenses are entirely different in their character; and the common element, selling, is not in itself an offense. No one of these offenses necessarily includes any other, nor do any two include a common third offense.

The rule adopted by the majority of the court in this case is that there has been no jeopardy for the same offense unless the law permits under the second indictmnt a conviction of the offense, or some offense included in the offense, charged in the first. Under this rule it is immaterial that one offense is included in the other or that both offenses include the same third offense, or that the facts necessarily alleged in, or the evidence necessary to support, the second indictment would warrant a conviction under the first, or that the transaction was the same, so long as under the second indictment there cannot be a conviction of the offense, or a common included offense, charged in the first. Undoubtedly, if under the second indictment there may be a conviction of the offense charged in the first, a conviction under the first is a bar to a prosecution under the second, but the converse, which is the rule of the majority of the court, is a very different thing. Indeed, the majority reverses not only this but also the rule above set forth as the one almost universally held, namely, that the offenses are the same if the facts in the second indictment would convict under the first; for, as I construe its decision, it holds in effect that the facts in the first indictment must be such as would authorize a conviction under the second or that the facts in the second must warrant a conviction under the second of the offense charged in the first. It must, moreover, logically go still further and hold that the facts in *each* indictment must warrant a conviction under the other; for, the doctrine of former jeopardy implies two jeopardies, and, therefore, to illustrate, if there is no jeopardy for assault under a prosecution for assault with intent to commit rape unless there can be a conviction of the assault alone, there can also be no jeopardy of assault under a prosecu-

tion for assault and battery unless there can be a conviction
of the assault alone, and consequently if the law did not permit
a conviction of the assault alone under a prosecution for assault
and battery and there was therefore no jeopardy for the assault,
there could be a subsequent prosecution for the assault with
intent to commit rape even though there could be a conviction
of the assault alone under that charge—which would be start-
ling. If the rule of the majority is correct, many of the ques-
tions arising out of this subject that have perplexed courts
could easily be solved by a reference to the statutes; and legis-
latures, by not permitting convictions of included lesser offenses
under charges of greater ones, could, in spite of the constitu-
tional guaranty, permit a person to be prosecuted, convicted
and punished successively for many offenses of different degrees
or grades though of the same general character and comprised
in the same transaction. For instance, in so far as convictions
might happen not to be permitted of one of the following
offenses under a charge of another, there might be successive
prosecutions and convictions of simple assault, assault and
battery, assault with intent to ravish, assault with intent to
rob, assault with intent to kill, manslaughter, murder, etc., etc.,
though only one act was committed. Again, under the major-
ity rule, the offense first charged would always have to be either
the same as or greater than some offense for which there could
be a conviction under the second charge, and the majority even
state, in substance, in its endeavor to reconcile with its rule the
rule above stated as the rule generally applied, that the latter
rule requires that all the evidence necessary to support the sec-
ond indictment must be admissible under the first indictment;
for example, that it is not sufficient that part of the evidence
necessary to prove a charge of assault with intent to commit
rape would be sufficient to convict of assault under a charge of
assault and battery, but that all the evidence, including that
showing the intent to commit rape, must be admissible under
the charge of assault and battery in order to prove the assault;
in other words, that a conviction of a lower offense cannot be a

bar to a prosecution of a higher offense. If that is so, then the vast majority of cases, of which several are cited in the majority opinion but which they decline to follow, are incapable of explanation except on the theory that they are wrong. See authorities supra; also 1 Bish., New Crim. Law, Sec. 1057, from which I quote the following: "A jeopardy of the highest is equally a jeopardy of the lowest. And since the government confessedly cannot begin with the highest, and then go down step by step bringing the man into jeopardy for every dereliction included therein, neither can it begin with the lowest and ascend to the highest with precisely the same result. Some apparent authority, therefore, English and American, that a jeopardy for the less will not bar an indictment for the greater, must be deemed unsound in principle. And even in authority, the doctrine which holds it to be a bar is sufficiently established in general."

Courts have applied the rule of former jeopardy liberally with a view to preventing persecution. For instance, the constitutional guaranty is in terms limited to jeopardy of "life or limb," thus preserving the language of times when nearly all offenses were punishable with death or dismemberment, but it is construed as stating a principle rather than a rule and so under present conditions is extended to jeopardy of liberty as well. It is now also, as already stated, almost universally held that it is immaterial which offense is prosecuted first when they are of different grades and the greater includes the less. A conviction of the greater bars a prosecution for the less, whether there could be a conviction of the less or not under the same indictment, because the great includes the less and a conviction and punishment for the greater is a conviction and punishment for the less. It is equally true that a conviction or acquittal of the less bars a prosecution for the greater, for the acquittal of the less shows that the defendant could not have committed the greater and the conviction of the less cannot be repeated in a conviction of the greater. It is reasonable to hold that an acquittal of the greater, when no conviction for the less could be had under the same indictment, does not or might not bar a

prosecution for the less, but it is different with a conviction.
For instance, there might well be successive prosecutions for
assault with intent to ravish, intent to murder, intent to rob,
etc., so long as there were acquittals because of failure to estab-
lish the particular intent, if there could be no conviction and
therefore no acquittal of the assault alone without the particular
intent, but a conviction of any one of these offenses ought to bar
a prosecution for the others whether there could be a conviction
of simple assault under the same indictment or not. In the
present instance the defendant has been convicted of the assault
(included in the assault and battery) and under the statute
he might have been either acquitted or convicted of the assault
alone if the battery had not been proved. He ought not to be
again put in jeopardy of imprisonment for the same assault
merely because he made it with a particular intent. The Terri-
tory had its election as to which charge it should prosecute
first and having made its election and obtained a conviction,
it should not be permitted to pursue the defendant a second
time for the same assault under the other charge. The major-
ity of the court, as it seems to me, do not attach sufficient weight
to either the fact that on the first charge the defendant could
under the statute have been (acquitted or) convicted of an
essential element, which was an offense itself, in the second
charge or the fact that, even if there were no such statute, the
defendant was convicted (not acquitted) of the first charge,
which included the essential element, an offense itself, in the
second charge.

The doctrine of former jeopardy is not identical in all
respects with that of former acquittal or conviction, although
the two are based to a large extent upon the same principle
and are often confused. Former jeopardy, of course, may
have occurred whether there was an acquittal or conviction or
not. Former acquittal or conviction involves to some extent
the law of *res judicata*. If under a charge of either assault
and battery or assault with intent to commit rape there could
be a verdict of assault alone it is obvious that either an acquittal

or a conviction under either charge would bar a subsequent prosecution under the other. If, however, as is the case under our statutes, there could be a conviction of assault under the charge of assault and battery but not under the charge of assault with intent to rape, an acquittal under the latter would not or might not bar a prosecution under the former, for such acquittal might have resulted from the absence of the intent to commit rape and not from failure to prove that the defendant committed the assault and so might be entirely consistent with a conviction of assault or assault and battery; but a conviction of the assault with intent to commit rape would bar a prosecution for the assault and battery, for the conviction would be for the assault included in the assault with intent as well as for the assault with intent, and to punish the defendant for the assault and battery also would be to punish him twice for the same assault. Either an acquittal or a conviction under the charge of assault and battery, however, would bar a prosecution for the assault with intent to commit rape, for the acquittal would be an acquittal of the assault as well as of the assault and battery, and of course the conviction would be a conviction of the assault as well as of the battery. Accordingly, a correct test, as far as it goes, and one which is applicable to the present case, is that where the transaction is the same and constitutes two different offenses which have in common an essential and principal element which is itself an offense, a *conviction* of either greater offense (or a conviction or acquittal of the common included offense) bars a subsequent prosecution for the other greater offense (or for the included offense), even though a conviction of such included offense alone is not permissible under the statutes upon a prosecution for either greater offense, and although an *acquittal* on a prosecution for either greater offense would not or might not constitute a bar to a subsequent prosecution for the other greater offense (or for the included offense). In the present case, as already stated, the transaction was the same; the defendant was convicted of the assault and battery, that is, of the assault as well as of the battery, and therefore cannot be

prosecuted for the assault with intent to commit rape, which includes the same assault.

This is the principle, as I understand it, upon which the *Nielsen* case above referred to was decided, though in that case strictly speaking the included common essential element did not itself constitute an offense. It is true there was a federal statute to the effect that in all criminal cases the defendant might be found guilty of any offense necessarily included in that with which he was charged, but that statute not only was not referred to by the court but was not applicable to that case. The decision was based on general principles. The question was whether the defendant could be tried for adultery after a conviction of unlawful cohabitation. It was held that the conviction was a bar because an essential and principal ingredient (sexual intercourse) of adultery was included in the unlawful cohabitation, although neither the facts required to be alleged in the indictment for the unlawful cohabitation nor the evidence necessary to sustain the indictment would authorize a conviction of adultery or of that essential ingredient, which was not itself an offense. Indeed, as stated in 17 Am. & Eng. Enc. of Law 599, under neither indictment could there have been a conviction of the offense charged in the other or of the common essential element, for sexual intercourse or fornication was not an offense under the federal statutes, and proof of marriage was necessary under one charge and not under the other, and proof of a single act of intercourse was sufficient under one and not under the other. The court cited with approval the statement in *Morey v. Commonwealth,* 108 Mass. 435, to the effect that a conviction of being a common seller of intoxicating liquors would, although an acquittal would not, bar a prosecution for a single sale—which is in line with the rule above referred to as the correct general rule—but in regard to the actual decision in the *Morey* case, which was that a conviction of lewdly and lasciviously associating and cohabitating did not bar a prosecution for adultery, the court expressed the view that that (the *Morey*) case was distinguishable from the case then under consideration

on the ground that sexual intercourse was not an essential
ingredient of lascivious cohabitation, as it was of unlawful
cohabitation, but added, "be that as it may, it seems to us very
clear that where, as in this case, a person has been tried and
convicted for a crime which has various incidents included in
it, he cannot be a second time tried for one of these incidents
without being twice put in jeopardy for the same offense." The
court also, after quoting passages from Wharton on Criminal
Law, which seem at first view to point in the opposite direction,
distinguished between cases in which a conviction of a less
crime might be had on a prosecution for a greater, and cases
in which a conviction for the less could not be had under a
prosecution for the greater, as follows: "It will be observed
that all these instances are supposed cases of acquittal; and in
order that an acquittal may be a bar to a subsequent indictment
for the lesser crime, it would seem to be essential that a con-
viction of such crime might have been had under the indictment
for the greater. If a conviction might have been had, and was
not, there was an implied acquittal. *But where a conviction for
a lesser crime cannot be had under an indictment for a greater
which includes it, there it is plain that while an acquittal would
not or might not be a bar, a conviction of the greater crime would
involve the lesser also, and would be a bar."* The court then by
way of illustration referred with approval to the "much cited"
case of *State v. Cooper,* 13 N. J. L. 361, in which it was held
that a conviction of arson would bar a subsequent prosecution
for murder which was the result of the arson. Both the New
Jersey case and *Nielsen* case go further than we are required
to go in the present case, for in the present case not only could
there be a conviction of the common lesser offense under the
first prosecution but the two greater offenses necessarily in law
as well as in fact and as necessarily shown on the very face of
the indictments and by the very names of the offenses possess
a common element or ingredient (assault) which also is an
offense in itself. The very fact that there may be a difference
in the result according as there is an acquittal or a conviction,

as rcognized in both the *Morey* and *Nielson* cases, shows that
the possibility or impossibility of conviction of the same or an
included offense under either charge is not a universal test, for
when there is such possibility of conviction it is immaterial, as
shown above, whether there was an acquittal or a conviction.

The majority of the court attempts to show that the court in
the *Nielsen* case did not intend to hold contrary to the *Morey*
case, and relies principally on the *Morey* case and on *Common-
wealth v. Roby,* 12 Pick. 496, and *People v. Saunders,* 4 Park.
Cr. Cas. 196, and declines to follow a number of cases which
it refers to as holding differently.

As to the *Nielsen* case, I have shown that its decision as well
as its unequivocal statement of the law is against the view of
the majority in this case, and that, while it approved certain
statements in the *Morey* case, which were in line with the gen-
eral rule above contended for, it distinctly said that the decision
itself, upon which the majority now rely, but which, in my
opinion, does not support them, was either not applicable or, if
it was applicable, that it was erroneous. Indeed, the *Morey*
case was, as the court said in the *Nielsen* case, the principal case
relied on for the prosecution, but the court decided against the
prosecution.

As to the *Morey* case itself, enough was said in the *Nielsen*
case. But I may add that that case, as I understand it, is not
at all inconsistent with my views in this case.

As to the *Roby* case, which, I understand, is the one most
relied on by the majority, many things may be said, but these
will suffice: As to its actual decision, it was correct, for it was
that a conviction of assault with intent to murder does not bar
a subsequent prosecution for murder when the person assaulted
does not die until after the defendant has been convicted of the
assault. In such case there is no offense of murder and there-
fore there can be no prosecution for murder, until after the con-
viction of the assault. Such a case is always regarded as an
exception to the general rule above stated that it is sufficient if
the facts in the second indictment would if proved warrant a

conviction under the first, and the *Roby* case itself is one of
the principal cases that are usually cited as coming within the
exception and not the rule. It is so referred to by text writers,
other courts and the same court that decided it. See 1 Bish.
New Cr. Law, Sec. 1059; Note, 92 Am. St. Reps. 140; 17 Am.
& Eng. Enc. of Law, 600; 2 Van Fleet, Form. Adj. 1218;
*State v. Littlefield,* 70 Me. 458; *Commonwealth v. Evans,* 101
Mass. 24. This is an exception of the kind that proves the
rule. As to the reasoning, apart from the decision, in the *Roby*
case, the court expressly stated the rule I contend for to be the
correct rule and proved it in a very satisfactory manner by
reasoning, illustrations and citations. But when it came to
apply it, it expressed itself rather ambiguously. It cannot be
denied, however, that the court used some language to the effect
that the evidence under the second indictmnt would not justify
a conviction under the first. If by that it meant that there
could be no proof of the murder at the trial of the assault,
because there had been no murder up to that time, it was cor-
rect; but if it meant that as a general rule the evidence which
would prove murder would not, so far as necessary, be admissible
or sufficient to justify a conviction under a charge of the assault
that resulted in the murder, it was wrong, as stated in effect
in *Van Fleet,* ubi supra, and held in numerous cases. What the
court evidently meant was that, as it said, murder and assault
with intent to murder were "offenses distinct in their nature,
of a distinct legal character. * * * The facts are essentially dif-
ferent, and the legal character of the crime (murder) essen-
tially different" and it based this conclusion partly on the
ground that the death occurred after the conviction of the assault
and partly on the old doctrine of the merger of a misdemeanor
in a felony, of which more will be said below. But, as shown
above, the first of these grounds brought that case within a well
established exception to the rule, and so the case supports my
view, inasmuch as the present case is within the rule and not
the exception; and, as to the second ground, likewise, since the
doctrine of merger, as correctly held by the majority of the

court in the present case, does not obtain in this jurisdiction,. we are obliged to come to the opposite conclusion and hold as I do here. The doctrine of merger has now been held to be abolished by statutory implication in Massachusetts also, and of course the *Roby* case would not now be followed there. See the *Morey* case, supra, and cases infra.

As to the *Saunders* case, in which it was held that a conviction of assault and battery did not bar a prosecution for rape, which is not precisely like the present case, the decision was based in part on various views now generally considered unsound and on the doctrine of merger, which, as already stated, does not hold here. In *State v. Shepard,* 7 Conn. 54, on the other hand, where, as here, the doctrine of merger does not exist, it was held that a conviction of assault with intent to commit rape would bar a prosecution for rape. And in Massachusetts, where the *Roby* case was decided, it is held, now that the doctrine of merger no longer obtains there, that on a charge of either rape or assault with intent to commit rape there may be a conviction of a simple assault. *Com. v. McCarty,* 165 Mass. 37; *Com. v. Creadon,* 162 Id. 466. Of course under statutes such as they have in Massachusetts and most other jurisdictions, a conviction of assault and battery would bar a prosecution for assault with intent to commit rape, but this is equally true on sound principle in the absence of such statutes. In addition to the Connecticut case, supra, the following cases support this view, all of them having been decided on general principles, irrespective of statutes. In *State v. Blevins,* 134 Ala. 213 (32 So. 637), it was held that a jeopardy of conviction, though the case was not prosecuted to conviction, under a charge of assault and battery, barred a prosecution for the same assault with intent to commit rape. The court said, among other things: "If the defendant had been convicted for the assault and battery, it would not for a moment be contended that he could again be tried for the assault with intent to ravish." The same was held in *Bell v. State,* the Georgia case cited in the early part of this opinion. In *State v. Smith,* 43 Vt. 324, it was held that a con-

viction of assault with intent to commit rape would bar a prosecution for rape. In *Com. v. Arner,* 149 Pa. St. 35, it was held that jeopardy of a conviction of fornication barred a prosecution for rape. These cases were decided on the broad principle that, to quote from the case last cited, "a verdict of acquittal or conviction on an indictment for the minor offense, is a bar to a trial on an indictment for a crime which includes it."

This brings me to my last point—under whch, by the reasoning of the majority opinion itself, it should have come to the opposite conclusion. That opinion is based on the view that under an indictment for assault with intent to commit rape there could not be a conviction of assault because the statute did not expressly permit it. If that view is erroneous, as I will endeavor to show it is, the reasoning based on it requires the opposite conclusion. In many states there are such statutes and they are often referred to by the courts. In others it is stated that there may be convictions of lesser included offenses under indictments of greater offenses, but without referring to statutes. In others, it is stated that there can be no such conviction in the absence of statute where the less offense is a misdemeanor and the greater a felony—in other words, where the doctrine of merger prevails, as it does not here. Under that doctrine a misdemeanor utterly disappears in the felony, just as a life estate in property disappears and no longer has any existence when it unites with the fee in the same person. Thus, if on a trial for misdemeanor the evidence showed a felony there could be no conviction, because there was no misdemeanor; and if the evidence did not show a felony and there was a conviction of the misdemeanor it would not bar a prosecution for the felony, because if there was a felony in fact there could have been no misdemeanor and therefore no legal conviction of a misdemeanor. So, on a charge of felony, if the evidence showed only a misdemeanor, no conviction could be had of the misdemeanor because a misdemeanant at common law was entitled to certain privileges which felons did not have, such as the right to counsel, a copy of the indictment and a special jury. 20 Am.

& Eng. Enc. of Law, 2nd Ed. 602. But the grounds for these
distinctions no longer exist, and the doctrine of merger has been
generally discarded by statute or judicial decision. Id. 604.
Even at common law there was nothing to prevent a conviction
of an included felony under a charge of a greater, or an
included misdemeanor under a charge of a greater, though
there could be no conviction of a misdemeanor under a charge
of a felony. Id. 607. Consequently, at common law except as
between felonies and misdemeanors, and now in all cases in
jurisdictions where the doctrine of merger has been abrogated,
there may be a conviction of any included offense under a
charge of the greater where the allegations are so drawn as to
cover the included offense. This is not because of statutory
authority but because the less as well as the greater offense is
charged. It is unnecessary to name the offense. The allega-
tions determine what it is. What is not proved may be regarded
as surplusage. The effect of statutes, which are relied on by
the majority of the court, is merely to abolish the doctrine of
merger as between felonies and misdemeanors. That doctrine
being out of the way, there is nothing to prevent a conviction
of a misdemeanor under a charge of a felony just as there is
nothing, where that doctrine is held, to prevent a conviction
of a less felony or misdemeanor respectively on a charge of a
greater. Here in Hawaii, the doctrine of merger having never
obtained, no such statute is necessary and in many jurisdic-
tions that doctrine has been abolished by judicial decision.
Allegations sufficient to show an assault with intent to commit
rape necessarily show an assault. Therefore there could be a
conviction of the latter on a charge of the former. Since the
opinion of the majority depends entirely on the view that there
cannot be a conviction of assault under a charge of assault with
intent to commit rape in the absence of a statute expressly per-
mitting it, then, if, as I believe, that view is erroneous, their
reasoning requires the opposite conclusion. That no statute is
necessary where the doctrine of merger does not hold, see the
Connecticut, Alabama, Georgia, Vermont and Pennsylvania

cases, supra, and, in general, 1 Bishop, New Cr. Proc., Secs. 416-419; 1 Bishop, New Cr. Law, Secs. 780, 794, 795, 804-808; 2 Id. Sec. 56.

In view of the opinion of the majority of the court it will be unnecessary for me to express an opinion as to whether, aside from the question of identity of offenses, the alleged former conviction is not a bar on the ground that there was no former jeopardy because, as contended, assault and battery was at the time of such conviction an infamous offense and therefore beyond the jurisdiction of the district magistrate who tried that case.