*Jonas Clark*, for the petitioner.

*R. C. Royce*, for the petitionee.

---

## THE STATE *vs*. EBENEZER COY.

One indicted for an assault with an intent to commit murder, may, on trial, be convicted of the assault simply, though the indictment contain no count specially charging the minor offence.

AT the last term of Rutland county court, the respondent was indicted and tried for an assault, with an intent to commit murder. On the trial, the jury under the direction of the court, found him *guilty* of the assault, but *not guilty* of the intent.

The opinion of the court, expressed in their charge to the jury, being excepted to by the respondent, and a motion in arrest of the judgment filed by him, the exception was allowed by the judges, and the record certified to this Court for their final decision thereon.

*Williams*, in support of the motion. It is a general rule, that unless the evidence prove the charge laid in the indictment, the prisoner is entitled to an acquittal.

The only exceptions to this rule, in this state, he said, were those created by statute, viz. that on an indictment for murder, burglary or robbery, the jury may acquit of the higher offence, and convict of the less aggravated.—*Stat.* 263.

The passing of this statute shows, that it was the intention of the legislature, that this power should be confined to those cases only ; for if the law was so construed in relation to those crimes, previous to the passing of the statute, the act was unnecessary. If the law was so in the cases enumerated in the statute, and also in other cases, the passing of the law must have been intended to limit the practice to the cases enumerated therein.

Rutland,
January,
1827.

State
vs.
Coy.

2. Though by the common law, the jury may sometimes acquit of a higher offence, and convict of a lesser one included within it, yet it must always be an offence of the same nature. The case under consideration is not one that is mentioned in any of the treatises on criminal law, where this subject is considered.—1 *Chit. Crim. Law*, 250, 639.—2 *Str.* 1137.—*Starkie*, 380, 382.—12 *Mod.* 520.

In *Strange*, above cited, it is expressly decided, that on an indictment for a felony, the jury cannot convict of a trespass, though it may be included in the charge. The indictment of the respondent is for a felony, and is expressly so charged, while the verdict is for a misdemeanor only.

3. If the verdict in this case can be sustained, it will follow, that either a conviction or an acquittal, upon a complaint for an assault and battery before a justice of the peace, will bar an indictment for an assault, with an intent to commit murder, robbery, &c.—*Starkie*, 356–7–8.

4. The practice is oppressive and unjust, subjecting the accused to great trouble and expense in defending against the higher charge, when he is only guilty of the lesser offence.

*Clarke*, state's attorney, contra. It is competent and proper for a jury to convict, even on a part of a count, capable of a division. So too, when the respondent has not been proved guilty to the extent of the charge, he may be found guilty so far as the evidence warrants. So where the crime charged includes an offence of inferiour degree, the jury may acquit of the former and convict of the latter. (1 *Chit. C. L.* 251, 637–8.—*Swift's Dig.* 383, 413–16.—*East's C. L.* 515–16–17.) And to the last rule there are few exceptions. Indeed, there are none, unless by altering the mode of proceeding, the respondent is deprived of some advantage he would otherwise have.—1 *Chit. C. L.* 639.

SKINNER, Ch. J. delivered the opinion of the Court.

The defendant is indicted for an assault, with intent to commit murder. The jury have, by their verdict, under the instruction of the county court, acquitted him of the offence charged, and convicted him of a common assault, and the question is, will the law justify the verdict?

It is a general rule at common law, "where the accusation in the indictment includes an offence of inferiour degree, the jury may discharge the defendant of the higher crime, and convict him of the less atrocious." The exceptions to this rule are such as evidently tend to favour the accused, and to prevent oppression on the part of the prosecutor. Where the defendant, by being originally indicted for a different offence, would be deprived of any advantage which he would otherwise be entitled to claim, the jury must acquit altogether. One cannot at common law be found guilty of a *misdemeanor*, on an indictment for felony, because he would by that means lose the benefit of having a *copy* of the indictment, a *special jury*, and making full defence by *counsel*.

Rutland,
January,
1827.

State
vs.
Coy.

As a further evidence that the exceptions to the general rule before stated, are founded upon the principle of favour to the defendant, and not upon the difference in the grade of crimes, whether of higher or lower degree, it will be noticed, that no one can be convicted of petit treason on an indictment for murder, because he would lose the benefit of a larger number of challenges to the jurors.   In the latter case, he is entitled to twenty only, and in the former to thirty-five.   But on an indictment for petit treason, he may be convicted of murder, because he thereby enjoys, in this respect, a higher benefit.   So too, on an indictment for grand larceny, he may be convicted of petit larceny.   The former is a capital offence, the latter not.   These principles seem to be fully supported by the authorities, 1 *Chit. C. L.* 638–9.—*Starkie, C. P.* 379, 381.—2 *East. C. L.* 516–17–18.—2 *Hawk, P. C.* 624–5.   In the case *Rix* vs. *Westbur, Str.* 1137, it was decided, that on an indictment for *felony,* the defendant could not be acquitted of the offence charged, and found guilty of a trespass.   The report of the case does not disclose the grounds of the decision, but the counsel in the case, and the elementary writers, assign the same reasons as before noticed, and the decision itself is opposed to several cases before decided. If this case is to be treated as an authority by which we ought to be governed, it will not apply to the case before us, as the crime charged in the indictment is not *felony* at common law. (1 *East. C. L.* 411.)   It seems, that in the case of indictment for felony, if the jury find a special verdict, and the facts show the offence to have been trespass only, judgment may be given accordingly.—*C. Jac.* 697–8.

By the law of this state, there is no case in which on an indictment for a higher offence, the accused will be deprived of any benefit on trial, that he would have been entitled to, if indicted for an offence of inferiour degree.   But on the contrary, the statute has in the case of high crimes, given him a right to peremptory challenges, to which he is not entitled on an indictment for inferiour crimes.   And no good reason can be assigned, why the government or the prisoner should be subjected to the additional expense and trouble of a second indictment, in cases like the present.   The suggestion that this mode of proceeding is oppressive to the defendant, being thereby exposed to augmented expense in defending, required to procure bail to a greater amount, and subjected to increased costs, are not well founded.   There would be force in the objection, if it could be applied to the finding by the grand jury, and a presentment for the more aggravated offence avoided.   But the presentment is made, and the accused must necessarily be exposed to the expense of a trial for the crime with which he is charged, and to the procuring of such bail as the nature of the crime charged demands ; and as to taxable costs against him, on conviction of the minor offence only, the rule is, that he is not to be charged with any costs, but such as were necessarily incurred in establishing the fact of his guilt, in reference to the crime of which

he is convicted. Any costs that may have arisen, exclusively applicable to the offence of which he is acquitted, cannot be taxed against him. It is urged, that as the statute has in *particular* cases authorized an acquital of the offence charged, and a conviction of one of inferiour degree, the Court are bound to consider the legislature intended to confine the application of this principle to cases specially provided for. This is a consideration of weight, and were there any doubt in relation to the common law, or any evil to be apprehended from our adhering to it, the Court would incline to the opinion, that the defendant ought to be discharged. But as its manifest tendency is to favour the accused, as well as to save expense both to him and the state, and as the legislature have by statute adopted the common law, and required all courts to take notice thereof and govern themselves accordingly, we consider the instruction of the county court to the jury, in this case, to be correct, and that the verdict must stand.

The judgment is, that the motion is overruled, and the cause is remanded to the county court for sentence.

*Jonas Clark,* attorney for the state.

*Chs. K. Williams* and *R. B. Bates,* for the respondent.