State *v.* Scott.

---

THE STATE *v.* JULIUS D. SCOTT.

*Manslaughter. Indictment.*

One indicted for *manslaughter* may, on trial, be convicted for an *assault and battery,* though the indictment contain no count specially charging the minor offence.

This was an

INDICTMENT FOR MANSLAUGHTER in several counts. Plea, not guilty, and trial by jury, in the county court, September Term, A. D. 1851,— BENNETT, J., presiding.

On trial, the government introduced testimony, tending in all essential particulars, to prove the crime of manslaughter as charged in the indictment.

The respondent claimed that the evidence was insufficient to prove the beating and wounding, as alledged in the indictment, and if proved, that the evidence was not sufficient to show that the death of Bailey, was the result of the beating and wounding by

the respondent, and introduced some testimony, tending to prove that it might have resulted from another cause; and it was admitted that Bailey died on the 16th day of January, 1851, one month after the alledged beating.

The court charged the jury, that if they were fully satisfied from the evidence, that the assault and battery and beating and wounding, as alledged in the indictment, was proved, and were not so satisfied that the death of Bailey was the result of such beating and wounding, they might return the respondent guilty of a common assault and battery, and not guilty of manslaughter on the residue of the indictment.

The jury returned a verdict of guilty of an assault and battery, as charged in the indictment, and not guilty as to the residue of the indictment.

The respondent excepted to the charge of the court as above recited.

*W. C. Wilson, Stevens & Edson* for respondent.

We insist that an indictment for a crime which is felony at common law, and by statute, will not support a conviction for a misdemeanor. 1 Russell on Cr. 777 to 782. 2 Strange 1133. 1 Leach 12. 1 Chit. on Crm. Pl. 206, 207, 520, 521, 522.

The English statute is not applicable to this indictment; but if it were, the case does not come within its provisions, as construed by the judges of the court of criminal appeal in England. *Regina* v. *Bird et ux.*, 2 Eng. Law and Eq. R. 448.

Evidence which would be admissible to justify or mitigate an assault, might be inadmissible on trial for manslaughter, under this indictment. 2 Stark. Ev. 720. 1 Coxe 424. 2 Stark. Ev. 52. 6 Mod. Rep. 172.

The conviction in this case cannot be pleaded in bar to any subsequent proceeding for the same assault. *State of New Jersey* v. *Cooper*, 1 Green.'s Rep. 362. *Regina* v. *Bird et ux.*, 2 Eng. L. and Eq. Rep. 448.

*G. F. Houghton* for State.

1. A defendant indicted for assault and battery with intent to murder, may be convicted of a simple assault and battery. *Greater offences include the lesser of a kindred character.* Roscoe's Dig.

State *v.* Scott.

Cr. Evidence, p. 74. 1 Starkie's Evidence (5th Am. Ed.) p. 418. *Hudson* v. *State*, 1 Blackford's R. 318. *Dunham* v. *State,* 1 do. p. 37. *Stewart* v. *State*, 5 Ohio R. 242. *State* v. *Coy*, 2 Aiken's R. 181. *Commonwealth* v. *Dunn*, 19 Pickering 479. *Commonwealth* v. *Hope*, 22 do. 17. *Commonwealth* v. *Griffin*, 21 do. 523.

2. As to the question of practice, it has been decided that the proper practice is to indict and try for the higher crime, and if the part of the offense which is peculiar to that is not proved, and all that is necessary to constitute the inferior one is, that the verdict should convict of the inferior felony and acquit as to the residue of the charge. 1 Green's New Jersey R., *State* v. *Cooper*, p. 362.

3. So far as precedent is concerned, the principle sought to be established was distinctly set forth as long ago as 1827, in the case, *the State* v. *Coy*, 2 Aiken 181.

The opinion of the court was delivered by

ISHAM, J. The respondent was indicted for manslaughter, and on trial was convicted, under the charge of the court, of a common assault and battery. The jury have found by their verdict, that *the death of Bailey* was not occasioned by the assault, beating and wounding, as alledged in the indictment, and the question is, can a conviction for an *assault and battery* be sustained on an indictment for *manslaughter*.

In England, the rule seems well settled, that "where an indict-"ment includes an offense of an inferior degree, the jury may dis-"charge the defendant, of the higher crime, and convict him of "the lesser." As on an indictment for murder, he may be convicted of manslaughter ; for robbery, of theft ; for grand larceny, of petit larceny, and on an indictment founded on a statute he may be convicted of an offense at common law. In all these cases, and others of a similar character, the inferior offense of which he is convicted, is of the same character as the greater of which he is indicted, only it is inferior in degrees of guilt. The evidence introduced to prove the greater offense, sustains the latter. The principle is favorable for the respondent, and for which he has no reason to complain.

It is equally well settled in England, that on an indictment for a *felony at common law*, a conviction cannot be had for a *misdemeanor*. The reasons assigned are, that the respondent loses the

right of a special jury, benefit of counsel, and a copy of the indictment, and for this he has reason to object and complain, and courts adopting rules most favorable for the respondent, will not allow such conviction. But for these causes, we see no reasons why at common law, such a conviction would not be sustained. These reasons manifestly do not exist in this State.

Felony, as existing at common law, is not known under the laws of this State, as crimes do not work a forfeiture of the estate. But offences are distinguishable into what may be termed crimes and misdemeanors; the former punishable capitally, or by confinement in the State Prison, and the latter by fine, or imprisonment in the county jail. On the trial of these cases, there is no difference in the mode of trial or the right of the respondent, and no reason exists in this State, why one indicted for that which would be a felony at common law, may not be convicted of a misdemeanor. The conviction would bar a subsequent prosecution, as well as a conviction for theft, under an indictment for burglary or robbery; indeed, we must consider this subject as having been decided in this State in the two cases to which we have been referred. In case of *State* v. *McLean*, 1 Aik. Rep. 313, the respondent was indicted for forgery, which was punishable by imprisonment in the State Prison, but of which offence he was acquitted by the jury and convicted of a misdemeanor, a cheat, an offense at common law, and fined. So in the case of *State* v. *Coy*, 2 Aik. Rep. 181, the respondent was indicted for an *assault with intent to murder*, an offense punishable by imprisonment in the State Prison, and on trial he was acquitted of that offense, but convicted of a common assault. Manslaughter is punishable by imprisonment in the State Prison; it is followed by no greater punishment or legal consequences than *forgery* or an *assault with intent to murder*. And if a jury in those cases may acquit of the greater offense, and convict of the lesser, it would seem to follow, as a necessary conclusion, that the same principle would apply to the other case.

The result is, that the judgment of the county court must be affirmed.