## * STATE OF VERMONT v. THOMAS SMITH.

### Criminal Law. Rape.

Upon an information for an assault with intent to commit rape, the respondent may be convicted upon proof that a rape was actually committed.

Where one offense is a necessary element in, and constitutes an essential part of, another offense, and both are in fact but one transaction, a conviction or an acquittal of one is a bar to a prosecution for the other.

THIS was an information filed by the state's attorney by request of the respondent, charging that the respondent assaulted one Isabel Shalon, with intent carnally to know and ravish her. Plea, not guilty. Trial by jury, April term, 1869, WILSON, J., presiding.

The State introduced testimony tending to prove that the respondent, at the time and place alleged in said information, did assault the said Isabel, with intent carnally to know and ravish

* This case was heard and decided at the January term, 1870.

her, and tending to show that the respondent did carnally know and ravish her, by force and against her will.   To which testimony the respondent seasonably objected, but the court ruled that said testimony tended to prove the offense charged in said information, and admitted the ·evidence, to which the respondent excepted.

Upon the evidence so introduced and admitted, the jury found the respondent guilty of the offense, and for said offense the court passed sentence, to which the respondent excepted.

*Hill & Safford*, for the respondent.

The simple question in this case is, whether the respondent was properly convicted of an assault with intent to commit rape, when the proof was that an actual rape had been committed.   Could the respondent avail himself of the plea of *autrefois convict* in bar to an indictment drawn in accordance with the proof which this case presents ?   He could not so plead in England : 2 Leach Cr. Cases, 4th edit., 719 ; *Rex* v. *Simpson*, 3 Carrington & Kirwan, 207.   In Maine, *State* v. *Murray*, 15 Maine, 100.   In Massachusetts, *Com.* v. *Kingsbury*, 5 Mass., 106 ; *Com.* v. *Roby*, 12 Pick., 504.   In New York, *Burnes* v. *The People*, 1 Parker, 182 ; *People* v. *Matther*, 4 Wend., 265.   In New Jersey, *Johnstone* v. *State*, 2 Dutch., 313.   In Pennsylvania, *Com.* v. *Parr*, 5 Watt. & Serg., 345.   In Michigan, *People* v. *Richards*, 1 Mich., 216. In Alabama, *State* v. *Standifer*, 5 Porter, 523.   In Illinois, *Freeland* v. *The People*, 16 Ill., 380.   In Iowa, *Scott* v. *The United States*, 1 Morris, 142.   He could so plead, in South Carolina : *State* v. *Taylor*, 2 Bailey, 49.   In Mississippi, *Laura* v. *State*, 26 Miss., 174.   In Connecticut, *State* v. *Shepard*, 7 Conn., 54.   The opinion of the majority of the court in *Wilson* v. *The State*, 24 Conn., 57, seems to overrule this case.

The reason assigned for the conviction of lesser crimes when a greater is charged is, that the greater contains the lesser.   *State* v. *Coy.*, 2 Aik., 181 ; *State* v. *Scott*, 24 Vt., 127 ; 1 Arch. Cr. Pr. & Pl., 388.   If this be the *only* and true principle for those convictions, it follows, *ex necessitate*, that this respondent was improperly convicted, because the lesser cannot contain the greater.

*Willard Farrington*, state's attorney, for the state.

The opinion of the court was delivered by

PIERPOINT, C. J.    In this case the respondent was informed against for an assault with intent to commit a rape.    On trial the evidence showed that a rape was actually committed.    The counsel for the respondent now insists that upon such proof the respondent should have been discharged upon this information.

In considering this question, we are relieved from all embarrassment by reason of the numerous decisions based upon, and growing out of, the principle that in prosecutions for a felony there can be no conviction of a misdemeanor.    In this case the offense charged and the offense proved are both felonies, by statute, to be tried and punished in the same manner, the only difference being in the extent of the punishment, and for the further reason that in this state, in a prosecution for a felony, the respondent may be convicted of a misdemeanor.    This principle was established in *State* v. *Coy*, 2 Aik., 181, and has been universally recognized and acted upon by our courts and the bar ever since. *State* v. *Scott*, 24 Vt., 127.

The counsel for the respondent relies principally upon the position, that the conviction in this case could not be pleaded in bar of a subsequent indictment for a rape, based upon the same transaction.    If this be so, the position would seem to be unanswerable, for if the conviction is not a bar to the second prosecution, he may be twice tried for the same offense.    There is considerable conflict in the authorities upon this subject, but we think the rule is now well established, that when one offense is a necessary element in and constitutes an essential part of another offense, and both are in fact but one transaction, a conviction or acquittal of one is a bar to the prosecution for the other.    1 Whar. C. L., § 565, and authorities there cited.    In *State* v. *Shepard*, 7 Conn., 54, it was held that the respondent was properly indicted for, and convicted of, an assault with intent to commit a rape, when the evidence proved that a rape had actually been committed ; and the case of *Wilson* v. *The State*, 24 Conn., 57, is not in conflict with it.

The crime of rape cannot be committed without an assault with

an intent to do the act. They constitute the essence of the crime, and a party cannot be convicted of both without being twice convicted of one ; and as the party may be convicted of the lesser offense, such conviction must necessarily be a bar to a prosecution for the greater. And this we think is the more salutary rule, the one that in practice best protects the rights of the individual, and secures the public.

The respondent takes nothing by his exceptions.