TERRITORY *v.* ANTONE SILVA.

No. 1459.

RESERVED QUESTION FROM CIRCUIT COURT THIRD CIRCUIT.
HON. J. W. THOMPSON, JUDGE.

ARGUED JUNE 13, 1923.                    DECIDED JULY 23, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

CRIMINAL LAW—*former conviction—identity of offenses.*

  A conviction for assault and battery is under our statutes a
bar to a subsequent prosecution for rape arising out of the same
transaction. *Ter.* v. *Schilling*, 17 Haw. 249, overruled.

OPINION OF THE COURT BY PERRY, J.

In the district court of North Kona, Hawaii, the
defendant pleaded guilty to a charge of assault and bat-
tery and was thereupon adjudged guilty and sentenced.
Subsequently he was indicted by the grand jury upon a
charge of rape. In the language of the record sent up by
the circuit court, "the facts upon which the defendant
was charged in the assault and battery case are admitted-
ly the same and identical with the facts charged in said
indictment for rape and the offense is the same in each
case." In the second case the defendant filed a plea set-
ting up the former conviction as a bar and the circuit
court reserved to this court the question whether the plea
should be sustained.

The constitutional provision referred to in the briefs
is that of the fifth amendment reading, "nor shall any
person be subject for the same offense to be twice put in
jeopardy of life or limb." In view of our conclusion,
based upon local statutes about to be referred to, it will
be unnecessary to consider in this case the effect of this

constitutional provision. In some instances pleas of twice in jeopardy have been overruled on the ground that the higher offense named in the second indictment was not within the jurisdiction of the court which tried the defendant upon the lesser charge and that, therefore, the defendant had not prior to the second indictment been in jeopardy with reference to the offense named in the second indictment. This question will not be considered. The following sections of our statutes are material:

"In any plea of autrefois convict or autrefois acquit, it shall be sufficient for the defendant to state that he has been lawfully convicted or acquitted (as the case may be) of the said offense charged in the indictment." R. L., Sec. 3816.

"No person shall be required to answer again for an offense, for which he has once been duly convicted." R. L., Sec. 3691.

"Any person who has been tried and convicted of any offense before a court, tribunal or magistrate having jurisdiction of the case, shall not be subject to subsequent criminal prosecution therefor, and such conviction may be pleaded in bar of any such subsequent prosecution." R. L., Sec. 3692.

The language of these sections is clear and unambiguous. Irrespective of whether the court in which the defendant is first convicted had jurisdiction to try the accused for the second offense, it is plain that if a defendant has been lawfully convicted in the first case, he cannot be again convicted for the same offense. In the case at bar, it is not doubted that the district court of North Kona had jurisdiction to convict and punish for assault and battery. The only question is whether the second prosecution is for the same offense.

The commission of the crime of rape necessarily includes the element of force. It is indispensable to the

completed offense that there should be not only an as-
sault but also a battery, or, in other words, an assault
and battery. A conviction of the offense of rape neces-
sarily includes a finding that he committed an assault and
battery. Without the assault and battery there can be
no rape. To permit a conviction of this defendant of the
greater offense would be to permit him to be convicted a
second time of the lesser offense of which he has been
already convicted.

"There is considerable conflict in the authorities upon
this subject, but we think the rule is now well established,
that when one offense is a necessary element in and con-
stitutes an essential part of another offense, and both are
in fact one transaction, a conviction or acquittal of one
is a bar to the prosecution for the other. * * * The crime
of rape cannot be committed without an assault with an
intent to do the act. They constitute the essence of the
crime and a party cannot be convicted of both without
being twice convicted of one; and as the party may be
convicted of the lesser offense, such conviction must nec-
essarily be a bar to a prosecution for the greater. And
this we think is the more salutary rule, the one that in
practice best protects the rights of the individual, and
secures the public." *State* v. *Smith,* 43 Vt. 324, 326, 327.
In the case at bar it is admitted that both charges are
based upon one transaction.

"The felonious assault for which the defendant was
bound over embraced the minor offense of assault and
battery, for which he was arrested and put on trial. If
the defendant had been convicted for the assault and bat-
tery, it would not for a moment be contended that he
could again be tried and punished for the assault with
intent to ravish. To do so would be in violation of an
organic law,—that no person shall for the same offense
be twice put in jeopardy of life or limb. While cases

are to be found in other jurisdictions which hold that on an acquittal or conviction for a minor offense, and the defendant is afterwards put on trial for the greater offense, which embraced the former, no jeopardy arises, this court is thoroughly committed to the contrary doctrine. The state cannot elect to prosecute and try à person for a lower grade, and then put him on· trial for a higher grade, of the same offense." *State* v. *Blevins,* 32 So. (Ala.) 637, 638.

"All offenses, such as battery, mayhem, rape, robbery, etc., as well as assaults with intent, necessarily include an assault, and it is now generally conceded that a conviction of the higher offense is necessarily a conviction ·of the assault included in it, and it would seem to follow logically as well as by construction that a conviction or acquittal of any of the included offenses must bar a prosecution of the higher, since the higher cannot afterwards be prosecuted without opening the door for a second conviction, or a conviction of an offense for which the defendant had before been tried and acquitted." *People* v. *McDaniels,* 137 Cal. 192, 197.

"An indictment for rape necessarily includes an allegation of assault." *People* v. *Purcell,* 16 N. Y. S. 199. The court in that case quoted with approval the same language herein above quoted from *State* v. *Smith,* 43 Vt. 324.

"Where a person has been put in legal jeopardy of a conviction of an offense which is a necessary element in and constitutes an essential part of another offense, such jeopardy is a bar to a subsequent prosecution for the latter offense, if founded upon the same act. If a man perpetrates the offense of assault and battery and by the same act commits the offense of assault with intent to commit a rape, the lesser offense is a part of the greater. * * * Upon an indictment for assault with intent to

commit a rape the accused can be convicted of assault and battery, or assault; and upon an indictment for assault and battery he may be convicted of a bare assault. Assault is an absolutely necessary element in and an essential part of each of the greater offenses. Without the commission of an assault neither of the other offenses can be perpetrated. * *. * Viewing the case in this light, the question presented for our consideration is, can the State divide one crime into its constituent parts, or several grades, and prosecute the perpetrator, separately, for each part, as a distinct and substantive offense? Can it, for the same act, first prosecute, convict and punish a man for assault, then prosecute, convict and punish him for assault and battery, and then again prosecute, convict and punish him for assault with intent to murder? Would not this be trying, convicting and punishing him three times for the same offense of assault and twice for the same offense of assault and battery?" *Bell* v. *State,* 103 Ga. 397, 401, 402. In the case at bar, can it be that the Territory could prosecute this defendant, for the same act, first for assault, next for assault and battery, next for assault with intent to commit rape, and lastly for rape? Would not this be trying, convicting and punishing him four times for the same offense of assault, twice or possibly three times for the same offense of assault and battery, and twice for the same offense of assault with intent? And yet, logically, all of this would result if the present prosecution were to be sustained.

"We think that when a man has been tried for the offense of assault and subsequently, for the same act, tried for the crime of assault with the intent to commit a rape, he has been twice put in jeopardy of a conviction for the same offense of assault, and the constitutional provision * * * has been violated." *Bell* v. *State, supra,* 403.

"It is also the almost universally accepted doctrine

that an acquittal or conviction for a minor offense included in a greater will bar a prosecution for the greater, if on an indictment for the greater the defendant could be convicted of the less." 17 A. & E. Ency. L. 599; and 16 C. J. 271. The qualification last stated would seem to be unsound as pointed out by Chief Justice Frear in his dissenting opinion in *Territory* v. *Schilling,* 17 Haw. 249, 275, for, upon reason, a conviction of the second and greater offense would necessarily repeat and include a conviction of the lesser, irrespective of whether the statute permits a separate and specific verdict of guilty of the lesser.

The main reliance of the prosecution in the case at bar is upon the *Schilling* case, in which the majority of the court held that a conviction of assault and battery did not bar a prosecution for assault with intent to commit rape. To some extent at least the opinion of the majority was influenced by the consideration that, at that time, under our statutes it was not possible to secure a conviction of assault and battery under an indictment for an assault with intent to commit rape. To that extent that case is distinguishable from this, for, in the year following the rendition of the *Schilling* decision, the statute (R. L., Sec. 3826) was amended so as to provide that "upon the trial of any person charged with any offense, he may be found guilty of any lesser degree of the same offense or of any offense necessarily included in that with which he is charged, as the facts proved may warrant." Possibly this is sufficient ground for distinguishing the *Schilling* case and for not regarding it as an authority applicable to the case at bar. However that may be, we deem it to be our duty to say that the reasoning of the court in that case does not impress us favorably and that it ought not to be, in any event, followed as a precedent. The reasoning of Chief Justice Frear, in his elaborate and

able dissenting opinion, seems to us to be a complete answer to the views of the majority and to constitute a correct statement of the law on the subject now under consideration.

In *Gavieres* v. *United States*, 220 U. S. 338, cited by the Territory, it was indeed held that the first conviction did not bar the second prosecution but in that instance the court said that the fact was that while "the conduct of the accused was one and the same, two offenses resulted, each of which had an element not embraced in the other." The first conviction was under an ordinance against indulgence in boisterous, rude or indecent conduct in any public place open to view, to the annoyance of others; the second was for calumniating, outraging and insulting a public official, in the exercise of his office, by word of mouth and in his presence. While both offenses held an element in common, to wit, that of the boisterous conduct, each included an element not included in the other. "In the second case," said the court, "it was necessary to aver and prove the insult to a public official or agent of the authorities, in his presence or in a writing addressed to him. Without such charge and proof there could have been no conviction in the second case. The requirement of insult to a public official was lacking in the first offense. Upon the charge, under the ordinance, it was necessary to show that the offense was committed in a public place open to public view; the insult to a public official need only be in his presence or addressed to him in writing. Each offense required proof of a fact, which the other did not. Consequently a conviction of one would not bar a prosecution for the other." *Ib.* pp. 343, 344. The case, therefore, is clearly distinguishable from that at bar.

So also in *Morgan* v. *Devine*, 237 U. S. 632, cited by the Territory, the facts were essentially different. The

first charge was of breaking into and entering a post office of the United States with the intent to commit larceny in the building, and the second was of feloniously stealing, taking and carrying away property from the building. The court held not only that the offenses were different but also that the acts upon which they were based were separate and distinct, although evidence of the larceny was admissible in order to sustain the charge of the intent with which the breaking and entering took place. That case has no semblance in its facts to that at bar. The other cases cited on behalf of the Territory seem to us to be likewise distinguishable.

Our answer to the question reserved is that the plea should be sustained.

*A. G. Correa,* Deputy County Attorney of Hawaii (*W. H. Beers,* County Attorney of Hawaii, with him on the brief), for the Territory.

*F. Patterson* (also on the brief) for defendant.