# TERRITORY *v.* EDWIN FRANCIS McGREW.

## No. 2353.

SUBMITTED APRIL 16, 1938.                    DECIDED APRIL 21, 1938.

### COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY COKE, C. J.

An indictment was returned by the grand jury of the first judicial circuit against Edwin Francis McGrew charging him with the offense of assault with intent to commit rape. At the trial the accused was found guilty by a jury of the crime of assault and battery. The defendant filed a motion in arrest of judgment upon the ground that assault and battery is not an offense necessarily included in the crime of assault with intent to commit rape. The trial court denied the motion and the defendant has sued out a writ of error.

In the indictment it is charged "that Edwin Francis McGrew, at the City and County of Honolulu, Territory of Hawaii, and within the jurisdiction of this Honorable

Court, on the 7th day of September, 1937, with force and arms, wilfully, maliciously and feloniously, in and upon one Georgiana Beckley Ahia, a female then and there being, and not the wife of the said Edwin Francis McGrew, a felonious assault did make, with intent in him, the said Edwin Francis McGrew, to rape and to have carnal intercourse with the said Georgiana Beckley Ahia, and did then and there and thereby commit the crime of assault with intent to rape, contrary to the form of the statute in such case made and provided."

Section 5533, R. L. 1935, provides: "Upon the trial of any person charged with any offense he may be found guilty of any lesser degree of the same offense or of any offense necessarily included in that with which he is charged, as the facts proved may warrant."

In the case at bar the court, at the request of the prosecution, gave to the jury the following instruction: "I further instruct you that if you do not believe from all the evidence beyond a reasonable doubt that the defendant committed the offense of assault with intent to rape as charged but you do believe from all the evidence beyond a reasonable doubt that the defendant did commit the offense of assault and battery as herein defined, then you will find the defendant not guilty of assault with intent to rape, but guilty of assault and battery."

Appellant's assignments of error, two in number, present the one question, namely, is the offense of assault and battery necessarily included in the crime of assault with intent to commit the crime of rape? Assault with intent to rape is defined in section 6245, R. L. 1935, as a malicious assault upon a female with intent to commit the crime of rape. An assault is a malicious attempt forcibly to do corporal injury to another without authority or justification by law. Battery or an assault and battery is the malicious and forcible infliction of a corporal injury on another without authority or justification by law. (See R. L. 1935, §§

5650 and 5651.) An accused charged with the crime of rape may be found guilty of assault and battery because "the commission of the crime of rape necessarily includes the element of force. It is indispensable to the completed offense that there should be not only an assault but also a battery, or, in other words, an assault and battery." *Territory* v. *Silva,* 27 Haw. 270. And as pointed out in *In re Gaspar, ante,* p. 484, a defendant on trial charged with manslaughter may be convicted of the crime of assault and battery if the facts established warrant. A simple assault is always a necessary ingredient of the crime of assault with intent to commit rape. The greater offense includes all of the elements, both legal and factual, of the lesser crime. But the crime of assault with intent to commit rape may be and doubtless is often committed without the infliction of any corporal injury and hence the offense of assault and battery is not necessarily included in the graver crime.

As said by the supreme court of Iowa in *The State* v. *McAvoy,* 73 Iowa 557, 558: "The crime of assault and battery is not necessarily included in an assault with intent to commit rape; for that offense might be committed without doing any actual violence to the person of the one assailed, although in the majority of cases, perhaps, the actual battery is involved in the commission of the offense. To justify a conviction of assault and battery, then, on an indictment charging assault with intent to commit rape, it must be averred in the indictment that the attempt was accompanied by some actual violence to the person of the woman. The present indictment does not contain such averment, and the direction of the court that defendant might be found guilty of assault and battery is erroneous." And in *Goldin* v. *The State,* 104 Ga. 549, 551, the court said that "Every rape necessarily includes a battery, for a man can not commit this crime without inflicting upon his victim a personal injury which is the legal equivalent of a beating. There may, however, be an assault with intent to commit

a rape in which no battery actually occurs. We have at least two such instances in our own reports. See *Watkins* v. *State,* 68 *Ga.* 832, and *Jackson* v. *State,* 91 *Ga.* 322. There is no language in the indictment now under consideration which either expressly or by implication charges that Goldin committed any battery upon the person of Mrs. Pope. It follows as a necessary legal sequence that he has been convicted of an offense with which he was not charged, viz. a battery; and therefore the verdict is contrary to law." (See also *Long* v. *State,* 46 S. W. 821; 31 C. J. 854.)

It is to be observed that the indictment in the case at bar, while charging the defendant with assault, does not charge assault and battery.

In harmony with the views expressed by this court in *In re Gaspar, supra,* the words "and battery" appearing in the verdict of the jury should have been treated by the trial court as surplusage and the accused should have been adjudged guilty of assault.

This is a direct appeal and under the plenary powers granted to this court by section 3563, R. L. 1935, and in conformity with the decision in *In re Gaspar, supra,* the cause is remanded to the circuit court with directions to modify the judgment entered herein so that as amended the defendant will be adjudged guilty of assault and to impose sentence accordingly.

*C. E. Cassidy,* Public Prosecutor, and *K. E. Young,* Assistant Public Prosecutor, for the Territory.