### TERRITORY OF HAWAII *v.* JAMES MANJI OUYE.

### Nos. 2558 and 2559.

Submitted September 26, 1945.     Decided September 28, 1945.

Kemp, C. J., Peters and Le Baron, JJ.

OPINION OF THE COURT BY KEMP, C. J.

These cases are here on defendant's interlocutory bills of exceptions to the decision and order of the circuit judge overruling his plea of *autrefois convict* interposed by him in each of the two cases commenced by indictments returned by the grand jury in the fifth circuit court on October 15, 1943.

The indictment in number 2558 charges that the defendant at Haena, in the county of Kauai, Territory of Hawaii, "on the 2nd day of October A. D. 1943, being then and there as owner, unlawfully did conduct a certain percentage game, to wit: Seven-eleven, which said game is played with dice, at which certain things of value, to wit: money, were lost or won, in violation of section 5943, Revised Laws of Hawaii 1935, contrary to the form of the statute in such case made and provided."

The indictment in number 2559 charges the same offense on the same day and at the same place, the only difference being that it contains more detail as to who participated in the game and as to how the game was conducted.

Section 5943 follows:

"Playing prohibited games. Every person who deals, plays, or carries on, opens or causes to be opened, or who conducts either as owner or employee, whether for hire or not, any game of faro, monte, roulette, tan, fan tan, or any banking or percentage game played with cards, dice or any devices for money, checks, credit or·any representative of value or any other game in which money or anything of value is lost or won, and every person who plays or bets at or against any such prohibited game or games, and every person present where such game or games are being played or carried on, is guilty of a misdemeanor."

Other pertinent statutes follow :

"Penalty. Every person guilty of a misdemeanor as provided in sections 5940-5953 shall be punishable by a fine of not more than one thousand dollars, or imprisonment not exceeding one year." R. L. H. 1935, § 5949.

"One trial on merits for one offense. No person shall be required to answer again for an offense, for which he has once been duly convicted, or of which he has been duly acquitted upon a good and sufficient indictment." R. L. H. 1935, § 5330.

"Former conviction. Any person who has been tried and convicted of any offense before a court, tribunal or magistrate having jurisdiction of the case, shall not be subject to subsequent criminal prosecution therefor, and such conviction may be pleaded in bar of any such subsequent prosecution." R. L. H. 1935, § 5331.

"Same act constituting two or more offenses. Where the same act constitutes two or more diverse and distinct offenses, different in their nature and character, one not being merged in the other, the offender may be proceeded against for each, and cannot plead a conviction or acquittal for one, in bar of proceedings against him for the other." R. L. H. 1935, § 5333.

The plea alleged in substance that theretofore, on Octo-

ber 4, 1943, the defendant was charged in the district court of Lihue with having been unlawfully present on October 2, 1943, at a gambling game commonly known as "seven-eleven," a game played with dice, etc., at Haena, Kauai County, Territory of Hawaii; that to the charge he entered a plea of *nolo contendere*; that on October 5, 1943, he was found guilty on said charge and was sentenced to pay a fine of $750; that he has duly appealed from the judgment and sentence to the circuit court for mitigation of sentence only; that the charge in the district court of Lihue and the charge in the indictment herein are based on the same transaction.

At the hearing on the plea the county attorney stipulated that the facts are correctly alleged in the plea, and the hearing proceeded on that basis.

Assuming then, as we must from the admissions made at the hearing on the plea that the defendant was present at the game which he is charged with having conducted, the question is, whether the offense of being present at the game is merged in the offense of conducting the game.

This subject has been considered by this court in several cases. In *Territory* v. *Silva*, 27 Haw. 270, the leading case on the subject, it was held that a conviction for assault and battery is under our statute a bar to a subsequent prosecution for rape arising out of the same transaction, because of the fact that a rape could not be committed without by the same act committing an assault and battery. It is evident that some of the acts denounced by section 5943 could be committed without being present where a prohibited game is being played or carried on. Clearly, one could cause a prohibited game to be opened without being present at the place where such game was being played or carried on.

But here the indictments charge that the defendant did "conduct" the game at which it is admitted he was

180

unlawfully present and for which he has been convicted and punished. It being alleged in the plea and admitted by the prosecution that the former conviction and the charge in the indictment are based on the same transaction, which necessarily includes the act of being present, the act of being present is merged in the act of conducting the game, and as said in *Territory* v. *Silva, supra* (p. 274), "when a man has been tried for the offense of assault and subsequently, for the same act, tried for the crime of assault with the intent to commit a rape, he has been twice put in jeopardy of a conviction for the same offense of assault."

The court was careful to point out in the *Silva* case that a conviction of the second and greater offense would necessarily repeat and include a conviction of the lesser, "irrespective of whether the statute permits a separate and specific verdict of guilty of the lesser." It is therefore immaterial whether on the indictment for "conducting" the prohibited game the defendant could be convicted of "being present" at the place where the game was being played or carried on.

In the *Silva* case the court expressly overruled the majority opinion in *Territory* v. *Schilling*, 17 Haw. 249, and adopted the dissenting opinion of Chief Justice Frear as the law on the subject here under consideration. In the dissenting opinion in the *Schilling* case, the test applicable to the facts of our case is said to be that "where the transaction is the same and constitutes two different offenses which have in common an essential and principal element which is itself an offense, a *conviction* of either greater offense (or a conviction or acquittal of the common included offense) bars a subsequent prosecution for the other greater offense (or for the included offense), even though a conviction of such included offense alone is not permissible under the statutes upon a prosecution for either greater

offense, and although an *acquittal* on a prosecution for either greater offense would not or might not constitute a bar to a subsequent prosecution for the other greater offense (or for the included offense)." In the same opinion Chief Justice Frear invoked the doctrine of election as follows: "The Territory had its election as to which charge it should prosecute first and having made its election and obtained a conviction, it should not be permitted to pursue the defendant a second time for the same assault under the other charge."

At the time of the *Schilling* case our statute did not authorize a verdict of guilty of assault on an indictment charging an assault with intent to ravish. That fact apparently to some extent influenced the majority in that case to hold that a prior conviction of assault committed by the same act did not bar a prosecution of assault with intent to ravish. However, in the *Silva* case this court expressly rejected the doctrine adopted by some courts to the effect that a conviction of the lesser offense bars a prosecution of the greater only where on an indictment for the greater the defendant could be convicted of the lesser.

It may be said that neither the offense of "being present" at a place where a prohibited game is being played or carried on nor the offense of "conducting" such a game is the greater and the other the lesser offense, since they are both misdemeanors and the penalty the same for both. But under the adopted dissenting opinion in the *Schilling* case that fact is immaterial.

Exception sustained.

*A. G. Kaulukou*, County Attorney of Kauai County, for plaintiff.