# TERRITORY OF HAWAII *v.* WALTER NIHIPALI.

## NO. 2942.

ARGUED SEPTEMBER 10, 1953.     DECIDED SEPTEMBER 14, 1953.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

The defendant, Walter Nihipali, was indicted by the territorial grand jury on August 9, 1951, for the offense of negligent homicide, the indictment being in substance that on June 24, 1951, the defendant operated a motor vehicle so carelessly and negligently as to cause the vehicle to go off the road, collide with an electric pole and

turn over, thereby causing one Charles Kaahu, a passenger in the motor vehicle, to receive injuries from which he died on July 18, 1951.

When defendant was arraigned on August 24, 1951, he entered a plea in bar. The plea in bar states that the defendant, Walter Nihipali, was convicted in the district court at Koolauloa on June 27, 1951, for violating section 11701, Revised Laws of Hawaii 1945, in that on June 24, 1951, he operated a motor vehicle on Kamehameha highway carelessly and heedlessly of the rights and safety of others. The plea further states that the defendant was sentenced in the district court to pay a fine of $25 and have his operator's license suspended for a period of 60 days between the hours of 1:00 o'clock p. m. and 3:00 o'clock a. m.

At the hearing it was stipulated that the charge of careless and heedless driving for which the defendant had been convicted in the district court of Koolauloa and the charge before the court of negligent homicide arose from the same transaction which occurred on June 24, 1951.

The court below sustained the plea in bar, ruling that "Here we have * * * a situation in which the essential elements of the offenses are exactly alike except the fact there was a death. In effect there could be no negligent homicide without a finding of all the facts, in effect finding the defendant guilty of heedless and reckless driving; so the Court will sustain the plea in bar."

An exception to the ruling and notice of appeal were duly noted at that time.

The first and principal question is whether the conviction of the defendant in the district court of Koolauloa of the charge of heedlesss and reckless driving bars prosecution of the subsequent charge of negligent homicide

arising out of the same transaction where the victim died *after* the conviction of heedless and reckless driving.

There is no dispute as to the facts: (1) There was careless operation of the motor vehicle by the defendant on June 24, 1951; (2) his conviction for careless driving on June 27, 1951; (3) the death of the victim on July 18, 1951; and (4) the indictment by the territorial grand jury on August 9, 1951, on the charge of negligent homicide.

The doctrine of double jeopardy is so well settled that it needs little comment. To quote from the Hawaiian decision of *Ter.* v. *Silva*, 27 Haw. 270, 273: "Where a person has been put in legal jeopardy of a conviction of an offense which is a necessary element in and constitutes an essential part of another offense, such jeopardy is a bar to a subsequent prosecution for the latter offense, if founded upon the same act."

Or, as stated in 17 American & English Encyclopedia of Law 599, "It is also the almost universally accepted doctrine that an acquittal or conviction for a minor offense included in a greater would bar a prosecution for the greater if on an indictment for the greater the defendant could be convicted of the less."

The provisions of the territorial statute relating to heedless driving (R. L. H. 1945, § 11701) are as follows: "Whoever operates any vehicle or rides any animal carelessly or heedlessly of the rights or safety of others, or in a manner so as to endanger or be likely to endanger any person or property, shall be punished by a fine not exceeding one thousand dollars or by imprisonment for not more than one year, or by both."

The negligent homicide statute (R. L. H. 1945, § 11399) reads as follows: "Every person who by the operation of any vehicle in a careless, reckless or negli-

gent manner, but not wilfully or wantonly, shall cause the death of another, shall be guilty of the crime of negligent homicide and shall be punished by imprisonment at hard labor for not more than five years."

It is obvious that upon a trial for negligent homicide the prosecution would have to show that the defendant operated the vehicle carelessly and heedlessly so that the lesser offense would be a part of and included within the greater offense.

However, there is a well-settled exception to this rule, that is, where a new fact intervenes after the first prosecution which changes the character of the offense. The commonest example given is that a conviction for assault and battery while the person assaulted is still alive is no bar to a prosecution for murder or manslaughter instituted after death had resulted to the person assaulted on account of the injuries received and a trial for murder does not place the defendant twice in jeopardy. (15 Am. Jur., Cr. L., § 391, p. 66.)

See also 22 Corpus Juris Secundum, Criminal Law, section 287 c, page 431, which states the rule as follows: "Where, upon an indictment for murder or manslaughter an accused can be convicted of an assault, an acquittal upon such indictment will bar a prosecution for the assault; but the rule is otherwise where a conviction for the assault cannot be had upon an indictment for the higher crime. A conviction or an acquittal of assault and battery, or of assault with intent to commit murder, or to do grievous bodily harm, etc., is not a bar to a subsequent prosecution for murder or manslaughter, where the person assaulted died of the blows inflicted. This is a well-recognized exception to the same evidence rule previously stated for determining the identity of the offenses."

(See also: Wharton, *Criminal Law*, 12th ed., vol. 1,

§ 394, pp. 531-532; Bishop's *New Criminal Law*, vol. 1, § 1059, pp. 634-635.)

In the case of *Commonwealth* v. *Roby*, 12 Pick. 496, William Roby wounded one Maria Leonard on May 2, 1831, and was indicted on the first Monday of June, 1831, for felonious assault with intent to kill. He was tried and convicted of that offense in the July term. In the meantime the injured party died subsequent to the defendant's conviction, whereupon defendant was indicted for murder in November, 1831. A plea in bar as to the indictment was held to be bad by the court.

The *Roby* case was cited with approval in *Diaz* v. *United States*, 223 U. S. 442, which held that the provision against double jeopardy in the Philippine Act of July 1, 1902, is restricted to instances where the second jeopardy is for the same offense as was the first, and that a charge of homicide made after the death of the person assaulted is not the same as a charge of assault before the death of that person. This follows also the case of *Gavieres* v. *United States*, 220 U. S. 338, which held that double jeopardy in the Philippines under the Philippines statute had the same meaning which it had obtained under the Constitution and laws of the United States, citing *Kepner* v. *United States*, 195 U. S. 100.

There are numerous decisions and textbooks setting forth that a charge of homicide made after the death of the person assaulted is not the same as the charge of assault before the death of the person, that one cannot be put in jeopardy for the offense of homicide prior to the death of the person upon whom the crime is committed.

Our territorial statute (R. L. H. 1945, c. 226, §§ 10660-10664) provides in substance that no person shall be required to answer again for an offense for which he has once been duly convicted or of which he has been duly

acquitted upon a good and sufficient indictment.

The *Roby* decision was approved in the dissenting opinion of Mr. Chief Justice Frear in the case of *Territory* v. *Schilling,* 17 Haw. 249; this dissenting opinion afterwards became the law of the Territory of Hawaii by virtue of the opinion in the case of *Ter.* v. *Silva,* 27 Haw. 270, which overruled the majority opinion in the *Schilling* case.

The defendant also contends that the Territory took no writ of error from "* * * an order or judgment sustaining the special plea in bar," based on the contention that there was no written judgment in the record and the only reference thereto was a circuit court clerk's minutes of April 17, 1953, stating that the court sustained the plea in bar and ordered the case to be dismissed, the defendant discharged and his bond canceled.

Obviously, the defendant took this order to be sufficiently clear to discharge him and cancel his bond as he prepared no written document for signature of the judge or the clerk.

Our statute on appeal and error is liberal and the reviewability of a final judgment, order or decree is not affected by any consideration of form. As stated in 2 American Jurisprudence, Appeal and Error, section 29, page 867: "* * * All that is requisite in this respect is that the judicial consequences which the law attaches to the award result in a determination of the subject-matter of the controversy. Thus, a docket entry which contains all the essential elements of a judgment is sufficient to support an appeal even though the entry is informal. It has also been said that where the intention to give final judgment is evident, the judgment will be construed as final. * * *"

The contention of the defendant that the assignments

of error in this case do not meet the test of particularity required is without merit. The second assignment of error very clearly indicates that the conviction of the defendant in the district court of heedless and reckless driving does not bar a prosecution of a subsequent charge of negligent homicide arising out of the same transaction where the victim died after the conviction in the district court.

As a writ of error, contrary to a bill of exceptions, brings up the whole record, the purpose of the assignment of error is to apprise the defendant in error and the court of the issues of the law sought to be presented for determination. (*Zen* v. *Koon Chan*, 27 Haw. 369.)

We hold, therefore, that one cannot be put in jeopardy for the offense of homicide prior to the death of the person upon whom the crime is committed.

Reversed.

*J. R. Desha II*, Assistant Public Prosecutor (also on the briefs), for plaintiff in error.

*J. A. King* (*Bouslog & Symonds* with him on the brief) for defendant in error.